**Robert VAN ERMEN, Petitioner-Appellant,**

**v.**

**John C. BURKE, Respondent-Appellee.**

**No. 16559.**

United States Court of Appeals Seventh Circuit.

June 28, 1968.

Certiorari Denied Dec. 16, 1968.

See 89 S.Ct. 494.

---

Thomas J. Schoenbaum, Chicago, Ill., for petitioner-appellant; Raymond, Mayer, Jenner & Block, Chicago, Ill., of counsel.

William A. Platz, Bronson C. La-Follette, Atty. Gen., Madison, Wis., for respondent-appellee.

Before CASTLE, Chief Judge, KNOCH, Senior Circuit Judge, and SWYGERT, Circuit Judge.

CASTLE, Chief Judge.

The district court for the Eastern District of Wisconsin denied, without an evidentiary hearing, appellant Robert Van Ermen's petition for a writ of habeas corpus, and he has appealed. We affirm.

In his petition addressed to the District Court the petitioner alleges that his conviction of murder, for which he is imprisoned in the Wisconsin State Prison, Waupun, Wisconsin, under a sentence of life imprisonment, is invalid because procured through procedures which violated petitioner's rights under the Fourth, Fifth and Sixth Amendment. In this connection petitioner alleges that following his arrest at approximately 9:55 a.m. on March 7, 1961, he was held incommunicado for fifty-one and one-half hours, during which period he was questioned by the police without being informed of his rights against self-incrimination and against unreasonable searches and seizures; that he was deprived of his right to consult counsel, although he informed the arresting officers of his desire to see counsel; and that it was seventy-two hours before he was brought before a magistrate. The petitioner asserts that a damaging statement he made on March 7, while he was in custody—a remark which betrayed guilty knowledge that the fatal weapon was a brick—which remark was the subject of trial testimony by a witness for the prosecution, was the product of the alleged violations of his rights. And that this together with the delay in taking him before a magistrate serves to invalidate his conviction. These and other contentions advanced by the petitioner were considered and rejected in a Wisconsin circuit court habeas corpus proceeding affirmed on review by the Wisconsin Supreme Court (State ex rel. Van Ermen v. Burke, (1966) 30 Wis.2d 324, 140 N.W.2d 737).

In disposing of the petitioner's petition the District Court had before it the record and findings in the earlier Wisconsin state court habeas corpus proceeding as well as the record in the Au-

gust 1961 criminal trial at which petitioner was convicted.

From our examination of the record we are convinced, as was the District Court, that all material factual assertions relied upon by the petitioner are negatived by the findings of fact made by the Wisconsin circuit court. In this connection we refer to State ex rel. Van Ermen v. Burke, 30 Wis.2d 324, 140 N.W.2d 737, where the pertinent findings are set forth. And those findings are amply supported by evidence. The record fairly supports the state court's critical factual determinations including those to the effect that the petitioner was aware of his rights, was not deprived of legal counsel, that the remark with respect to which he now complains was voluntarily made, and that he freely consented to the search made of the premises of his residence.

In view of this it was not mandatory that the District Court conduct an independent evidentiary hearing on the issues tendered by petitioner's petition. 28 U.S.C.A. § 2254(d); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. None of the factors or circumstances which *Townsend* enumerates (372 U.S. p. 313, 83 S.Ct. 745) as requiring such a hearing are present.

The District Court applied correct legal criteria in denying the petition. The court's rejection of petitioner's involuntariness claim is supported by the record. And, his trial having antedated Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), those decisions are not controlling here. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

Although the Wisconsin Supreme Court (30 Wis.2d 324, 140 N.W.2d 737) condemned as unreasonable the long period of detention of petitioner before he was charged, and then taken before a magistrate the following morning, it found that the delay did not make petitioner's voluntary statement inadmissible or require his discharge on habeas corpus.

Petitioner's reliance upon the McNabb-Mallory[1] rule is misplaced. That rule is not applicable here. It is based on court enforcement of the congressional mandate found in Rule 5(a) of the Federal Rules of Criminal Procedure. But this case involves a state, not a federal, conviction. And, the rule is not of constitutional dimensions. It does not reach to invalidate petitioner's conviction as being constitutionally infirm.

The judgment order of the District Court is affirmed.

We wish to express our thanks to Mr. Thomas J. Schoenbaum of the Chicago Bar, court-appointed counsel on this appeal, for his able presentation on behalf of the petitioner.

Affirmed.

---

1. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479.