**Thomas Mose LITTLE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22954.**

United States Court of Appeals
Ninth Circuit.

Nov. 3, 1969.

William R. Freeman (argued), Los Angeles, Cal., for appellant.

Alan H. Friedman (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and THOMPSON,* District Judge.

JAMES M. CARTER, Circuit Judge:

Appellant was convicted by a jury of bank robbery involving the assaulting and putting in jeopardy the lives of three bank tellers, in violation of 18 U.S.C. § 2113(a) and § 2113(d). Appellant

---

* Hon. Bruce R. Thompson, United States District Judge, District of Nevada, sitting by designation.

raises six questions on appeal: (1) Was appellant's confession obtained during a period of illegal detention between the time of arrest and appearance for arraignment before a U.S. Commissioner? (2) Must the confession be excluded because counsel had not been appointed for appellant when the confession was given? (3) Did the trial court err in failing to instruct the jury in the precise terms of the Miranda decision? (4) Was there sufficient evidence to prove that lives were put in jeopardy by the use of a dangerous weapon or that any person was assaulted? (5) Did the trial court err in failing to instruct the jury on the doctrine of lesser but necessarily included offenses? (6) Did the cumulative effect of the entire record deprive appellant of a fair trial?

The record on appeal discloses the following sequence of events. On February 1, 1968, a Bank of America branch in Los Angeles was robbed by two armed gunmen. The license number of the getaway car was traced to appellant's mother. She testified that appellant had had the car at the time the robbery occurred. After further investigation, appellant was taken into custody by state officers on February 2. On February 6 agents of the FBI took appellant into federal custody. They advised him of the reason for his arrest and informed him of his rights. Appellant then signed a waiver of rights and gave a statement admitting his participation in the robbery as the driver of the get-away car.

At trial, a hearing was held, outside the presence of the jury, on the issue of the voluntariness of the confession. Appellant and his mother testified that law enforcement officers had made promises of leniency in return for a guilty plea. The FBI chief investigator and the police robbery investigator who talked with appellant's mother denied making such statements. The court made the preliminary finding that the confession was voluntary and not induced by promises or coercion. The jury was subsequently instructed that they could consider the voluntariness of the confession in reaching their decision. This instruction met with the approval of defense counsel.

## I.

Appellant asserts that his confession should not have been admitted into evidence since it was obtained during a period of illegal detention. Rule 5(a) of the Fed.R.Crim.P., requires that an arresting officer "shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States." Appellant claims that he was held in custody for four days before being taken before a federal commissioner. On the fourth day after his arrest by the FBI, appellant signed the confession which was introduced against him. Appellant claims that during the period of detention state and federal officials cooperated for the purpose of allowing federal interrogation prior to arraignment. Under these circumstances, appellant contends his confession was inadmissible evidence against him.

■ Rule 5(a), Fed.R.Crim.P., regulates the conduct of federal officers, not state officers. Edwards v. Holman, (5 Cir. 1965) 342 F.2d 679, cert. denied 384 U.S. 1017, 86 S.Ct. 1934, 16 L.Ed.2d 1039, rehr. denied 385 U.S. 891, 87 S.Ct. 17, 17 L.Ed.2d 124. The burden of proving a violation of Rule 5(a) is on the defendant. Barnett v. United States, (5 Cir. 1967) 384 F.2d 848, 859. The record here does not show whether the confession occurred before or after the appellant was taken before the United States commissioner, upon his arrest by the FBI.

■ Other circuits have held that where a state arrest precedes a federal arrest, any delay in arraignment under Rule 5(a) runs from the time of the federal arrest, absent a showing of collu-

sion with state officers. United States v. Gorman, (2 Cir. 1965) 355 F.2d 151, 156; Young v. United States, (8 Cir. 1965) 344 F.2d 1006, cert. denied 382 U.S. 867, 86 S.Ct. 138, 15 L.Ed.2d 105. Our circuit has taken the position that prior state custody *may be taken into account* in determining the reasonableness of delay that ensued after federal officers took custody of the defendant. Smith v. United States, (9 Cir. 1968) 390 F.2d 401, 403; Muldrow v. United States, (9 Cir. 1960) 281 F.2d 903, 905. Here the prior state custody was considered. The facts of the prior state custody were before the court at the time of its determination that the confession was voluntary and admissible. The same facts were before the jury at the time of its verdict of guilty. No objection was made to the instruction given to the jury for the determination of voluntariness.

■ We must view the evidence in the light most favorable to the government's position. There was direct evidence contradicting appellant's claim that state officials were detaining appellant pursuant to a request by federal officials, as part of a scheme to illegally interrogate him. The confession was properly admitted into evidence against appellant.

## II.

■ Appellant maintains his confession was fundamentally unfair and inadmissible against him, since counsel had not been appointed for him at the time he confessed. The record on appeal nowhere indicates that appellant had requested counsel prior to his being taken into custody by the federal agents or thereafter, prior to his confession. The federal agent advised appellant of his rights in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The appellant admitted that he had read the form entitled "Your rights" which included the Miranda warning and that he fully understood it. He signed the form in the presence of the agent. He further admitted the agents had read

to him his constitutional rights, based on *Miranda,* and that he had personally read his constitutional rights and "he understood them pretty well."

It is clear that the defendant was adequately advised of his right to counsel and his right to refuse to answer questions. It is equally clear that he intelligently and voluntarily waived those rights prior to confessing to his participation in the robbery. The court committed no error by admitting the confession into evidence.

## III.

■ Appellant asserts error in a claimed failure to instruct the jury on the Miranda rule for determining the validity of confessions. No objection, however, was made below on this ground. The record shows that the appellant was advised in substantial accordance with the Miranda rule. Nor was there any factual issue at the trial concerning the type of instructions given by the federal officers. The contention of the appellant is merely that the instruction should be in haec verba of the language of Miranda. There is no merit to the contention, and we certainly can not find plain error.

## IV.

Appellant contends that there "was insufficient evidence that an operative dangerous weapon or device was used, or that any person was assaulted or their life was put into danger in this case as required by Sec. 2113(d)." We do not agree.

■ The parties agree that actual jeopardy, not mere fear of danger, is required to uphold a Sec. 2113(d) conviction. Wagner v. United States, 264 F.2d 524, 530, 531 (9 Cir. 1959), cert. denied 360 U.S. 936, 79 S.Ct. 1459, 3 L.E.2d 1548 (1959). Here the teller's uncontradicted testimony was that two robbers entered the bank carrying guns. One robber commanded "This is a hold-up and everybody down." The appellant ad-

**916**

mitted that one of the guns was a shotgun and the other a .32 caliber revolver and both were loaded. Such circumstances are sufficient to permit a finding by the jury that the lives of the persons being robbed were placed in an objective state of danger. Wagner, supra, 264 F.2d at 530, 531. This is a stronger case than United States v. De Palma (9 Cir. 8/6/69) 414 F.2d 393, where there was no evidence that the gun was loaded and jeopardy was found to exist.

### V.

Appellant claims error in the trial court's refusal to instruct the jury on the doctrine of lesser but necessarily included offenses. He contends that an instruction should have been given that the jury might find him guilty of the lesser offense of bank robbery without finding him guilty of putting human life in jeopardy.

The Supreme Court has held that a lesser included offense instruction "is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense." Sansone v. United States, 380 U.S. 343, 349, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965). Here the appellant did not controvert at the trial the government's evidence that a person was assaulted or human life put in jeopardy by the use of a dangerous weapon. Accordingly, there was no error in refusing to give the instruction.

### VI.

Finally, appellant argues the cumulative effect of the entire record deprived him of a fair trial. In particular, he alleges "obvious bias and prejudice" on the part of the trial judge. We find the instances cited are not persuasive.

The judgment is Affirmed.