**Einar Dean HANSEN, Petitioner,**

v.

**John C. BURKE, Warden, Respondent.**

**Nos. 69–C–124, 69–C–125.**

United States District Court
E. D. Wisconsin.

Dec. 18, 1969.

Einar Dean Hansen, pro se.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The petitioner, Einar Dean Hansen, has submitted two petitions for habeas corpus, which have been consolidated for disposition by another branch of this court. Mr. Hansen is confined pursuant to state court action.

On June 10, 1969, this court appointed an attorney associated with Foley & Lardner to act as counsel for the petitioner. By letter dated December 8, 1969, Mr. Hansen complained that such appointed counsel was "ineffective", and, accordingly, I have relieved such assigned counsel of the duty to represent Mr. Hansen.

Instead of appointing a successor attorney, I have examined the extensive record which is now before this court in reference to Mr. Hansen's petitions. In addition to the comprehensive petitions themselves, the court has considered the state's response, the transcript of proceedings, and two opinions of the state supreme court. One of the opinions of the latter court is not published (No. 69/17), and the other appears at Hansen v. State, 40 Wis.2d 195, 161 N. W.2d 289 (1968). I have concluded that the issues raised by Mr. Hansen's peti-

tions have been competently examined and are adequately resolved by the record which has already been made in this case. Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The findings made in the state courts are fairly supported by the record as a whole. The defendant was afforded full and fair hearings at which the material facts were adequately developed. See Van Ermen v. Burke, 398 F.2d 329 (7th Cir. 1968), cert. den. 393 U.S. 1004, 89 S.Ct. 494, 21 L.Ed.2d 468 (1968).

 Mr. Hansen was provided with effective counsel, or waived such counsel, at all critical stages of the proceedings as required by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963). He was represented by counsel at the time of his sentencings. When, as here, the time for the appeal of a misdemeanor case has fully expired, it is not incumbent upon the court to appoint counsel to pursue such appeal. The record also establishes that Mr. Hansen's waivers were intelligently and understandingly made. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The record does not support Mr. Hansen's claim of double jeopardy or his charge that he was compelled to be a witness against himself.

I am mindful of the policy which requires liberal interpretation of *pro se* petitions. Zurita v. United States, 410 F. 2d 477 (7th Cir. 1969); Weaver v. Pate, 390 F.2d 145 (7th Cir. 1968).

Nevertheless, it is my opinion that the issues upon which Mr. Hansen seeks further judicial expression have already been fairly resolved, and there is no occasion for this court's appointing further counsel to represent him or for this court's holding any evidentiary hearings.

Now, therefore, it is ordered that the petitions for habeas corpus be and the same are hereby denied.