**UNITED STATES of America, Plaintiff,**

v.

**David ERVING, Jr., Defendant.**

**No. 74–CR–55.**

United States District Court, W. D. Wisconsin.

Jan. 31, 1975.

David C. Mebane, U. S. Atty. by Warren W. Wood, Asst. U. S. Atty., Madison, Wis., for plaintiff.

Paul R. Nesson, Jr., Voss, Nesson & Koberstein, S.C., Madison, Wis., for defendant.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

An indictment was returned herein on June 27, 1974, charging that on June 10, 1974, defendant had passed three Federal Reserve one-dollar notes which had been altered to appear as $20 notes, in violation of 18 U.S.C. § 472. Defendant has moved to suppress as evidence statements made by him in the course of an in-custody interrogation on June 11, 1974. I have previously entered certain findings of fact and conclusions of law from the bench, to the effect that the statements at issue were made voluntarily. The said findings and conclusions remain in full force, except as they may be modified or amplified by this opinion and order. The remaining issue concerns the absence of any hearing before

a judicial officer prior to the time the statements were given.

I find as fact those matters set forth hereinafter under the heading "Facts."

### Facts

Defendant was arrested on a state charge by city police officers in the City of Madison, Dane County, Wisconsin, at about 12:20 a. m., June 11, 1974. The cause for his arrest was a complaint that he had passed one or more "raised" (from $1 to $20) Federal Reserve notes at a Madison tavern on the evening of June 10, 1974. Defendant was taken from the point of arrest to the county jail and he remained in custody there until about noon on June 12, 1974.

Special Agent James Christensen of the United States Secret Service is stationed in Milwaukee, Wisconsin, which is about 80 miles east of Madison. The Secret Service in Milwaukee was informed by the Madison police concerning the complaint and arrest, and Agent Christensen was assigned to travel to Madison to investigate. He traveled to Madison promptly after being notified, and arrived in Madison some time during normal office hours on the morning of June 11. He was informed that four persons had been arrested by the Madison police in connection with the incident. Together with Detective Gordon Erickson of the Madison police department, he proceeded to interview the four persons, one by one. Defendant Erving was the third of the four to be interviewed. The interview of the defendant Erving was conducted in a room in the Madison police department, commencing at about 11:40 a. m. At no time subsequent to the arrest or prior to the conclusion of the challenged interview was the defendant in the custody of a federal officer. At no time subsequent to the arrest or prior to the commencement of the challenged interview had an interrogation of the defendant been conducted.

Initially during the interview, the defendant denied involvement in the alleged offense. He was told by the interrogating officers that there was a witness who could identify him as having passed one or more of the raised bills, and also that one of the raised bills had been found in his possession in the course of a search following the arrest. Defendant then gave a statement admitting the offense.[1]

Both the jail in which defendant was confined and the police department in which he was interrogated were located in a building within which were also located several courts and judicial officers with jurisdiction in cases involving offenses against state laws and local ordinances. The said building was located no more than 100 yards from another building in which was located the office of a United States Magistrate. At no time subsequent to his arrest and prior to the conclusion of the challenged interview was the defendant taken before any court or magistrate. His initial appearance before a magistrate in connection with the incident for which he was arrested June 11, 1974, did not occur until September 30, 1974, and his arraignment did not occur until October 23, 1974. June 11, 1974, was a Tuesday and it was not a legal holiday. At all times during the challenged interview, Agent Christensen and Detective Erickson were aware that the defendant had not been taken before a court or magistrate.

Considering all of the circumstances surrounding the giving of the confession, including all of the circumstances referred to in 18 U.S.C. § 3501(b), specifically including the time which elapsed between the arrest of the defendant and the making of the confession, specifically including the time which elapsed between the arrest of the defendant and the time of his initial appearance before a magistrate, and specifically including the time which

---

1. At the beginning of the interview, the requirements of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were met, and the defendant understood the advice given him.

elapsed between the arrest of the defendant and his arraignment, I find that the confession was made voluntarily.

## Opinion

The basic question raised by this motion is whether a confession, voluntarily made subsequent to arrest and prior to an appearance before a magistrate, may ever be suppressed in a federal district court solely because of the duration of the interval between the time of arrest and the time the confession was made.

If the answer is that a voluntary confession may never be suppressed solely because of such an interval, the motion to suppress in the present case must be denied, without more. But if the answer is that a voluntary confession may sometimes be suppressed solely because of such an interval, further inquiry must be made. An excellent account of the background to this question may be found in 1 Wright, Federal Practice and Procedure, Criminal §§ 71–76 (1969; through 1973 pocket part). Among other things, this background includes McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943); Rule 5(a), Federal Rules of Criminal Procedure; Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); and a 1968 act of Congress (18 U.S.C. § 3501). Prior to the enactment of 18 U.S.C. § 3501, it is clear that a voluntary confession could sometimes be suppressed solely because of such an interval.

In pertinent part, 18 U.S.C. § 3501 provides:

(a) In any criminal prosecution brought by the United States or by the District of Columbia, a confession, as defined in subsection (e) hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.

(b) The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

The presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession.

(c) In any criminal prosecution by the United States or by the District of Columbia, a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such per-

son within six hours immediately following his arrest or other detention: *Provided,* That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate or other officer.

It is beyond debate that in enacting § 3501 in 1968, Congress was reacting unfavorably to court decisions which members regarded as conducive to the acquittal of guilty persons. The essence of Congressional intent was that the admissibility or inadmissibility of confessions should turn upon whether they are given voluntarily, rather than upon whether the police conform to certain standards of behavior. See United States v. Halbert, 436 F.2d 1226, 1234–1237 (9th cir. 1970). This basic policy is plainly stated in subsection (a): "a confession . . . shall be admissible in evidence if it is voluntarily given." This policy is implemented by the provision in subsection (b) that in determining the issue of voluntariness, the court is to "take into consideration all the circumstances surrounding the giving of the confession," including five factors, one of which is "the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment . . . ." This policy is further implemented by the provision in subsection (b) that the presence or absence of any of the five factors—including "the time elapsing between arrest and arraignment"—"need not be conclusive on the issue of voluntariness of the confession."

Had Congress stopped with subsections (a) and (b), it would have been clear that voluntariness is the sole issue, and that delay in bringing a defendant before a magistrate after arrest is but one factor, not necessarily conclusive, in a determination of voluntariness. Since I have found as a fact, after taking into consideration all the circumstances of this case (including "the time elapsing between arrest and arraignment"), that the June 11, 1974, confession was made voluntarily, no further judicial inquiry would be required or even permitted.

However, Congress did not stop with subsections (a) and (b). It added subsection (c) and thus produced considerable difficulty for the courts, which have struggled to avoid the conclusion "that Congress intended by the provision in subsection 3501(c) to undo all it had done with the preceding subsections." United States v. Halbert, supra, at 1234. See also Grooms v. United States, 429 F.2d 839 (8th cir. 1970); United States v. Marrero, 450 F.2d 373 (2d cir. 1971), cert. denied., 405 U.S. 933, 92 S.Ct. 991, 30 L.Ed.2d 808; United States v. McCormick, 468 F.2d 68 (10th cir. 1972), cert. den., 401 U.S. 927, 93 S.Ct. 1361, 35 L.Ed.2d 588. Nevertheless, it is a "cardinal rule that, if possible, effect shall be given to every clause and part of a statute." D. Ginsberg & Sons, Inc. v. Popkin, 285 U.S. 204, 208, 52 S.Ct. 322, 323, 76 L.Ed. 704 (1932). Perhaps even this cardinal rule might be bent if there were in question only a word or a phrase which seems at odds with other provisions of a statute, but subsection (c) is a detailed and lengthy subsection embodying a rather elaborate set of propositions.

Subsection (c) provides that an in-custody confession "shall not be inadmissible solely because of delay in bringing [the confessant] before a magistrate . . . ." if three conditions are met:

(1) " . . . if such confession is found by the trial judge to have been made voluntarily and

(2) "if the weight to be given the confession is left to the jury [2] and

---

2. There is no need in the present case, which is at a pre-trial stage on the motion to suppress, to explore the reasons for the inclusion of condition (2). This condition has

(3) "if such confession was made or given by such person within six hours immediately following his arrest or other detention . . . ."[3]

If the provision of subsection (a) (that "a confession . . . shall be admissible in evidence if it is voluntarily given") were to be taken as a flat and unqualified command, it would have been purely redundant to provide in subsection (c) that a confession "shall not be inadmissible solely because of delay in bringing [the confessant] before a magistrate . . . if such confession is found by the trial judge to have been made voluntarily . . . ." Also, subsection (c) provides that a confession "shall not be inadmissible solely because of delay in bringing [the confessant] before a magistrate . . . [1] if such confession is found by the trial judge to have been made voluntarily *and* . . . [3] if such confession was made or given by such person within six hours . . . ." (Emphasis added.) If voluntariness were taken as the sole standard of admissibility, and if the confession were found by the trial judge to have been made voluntarily, condition (3) would be wholly inoperative. On the other hand, if voluntariness were taken as the sole standard of admissibility, and if the confession were found by

the trial judge not to have been made voluntarily, condition (3) would also be wholly inoperative. Thus, condition (3) can be given effect only if it is recognized as a separate and distinct factor, wholly independent of the voluntariness of the confession.[4]

It follows inescapably that when subsection (c) is given effect, under § 3501 taken as a whole, there may be circumstances in which a voluntary in-custody confession, made subsequent to arrest and prior to an appearance before a magistrate, may be suppressed solely because of delay in bringing the confessant before a magistrate.

*McNabb* and *Mallory* are powerful statements of a rule that in the administration of criminal justice in the federal courts, law enforcement officers are required to bring an arrested person promptly before a magistrate, rather than to delay such an appearance to provide an opportunity for secret interrogation of the arrested person, and that if the officers fail to perform this duty, a confession which they may obtain during the interval will be excluded from the trial. "It is not the function of the police to arrest, as it were, at large and to use an interrogating process at police headquarters in order to determine whom they should charge before a com-

---

nothing to do with the circumstances in which the confession was made, as do conditions (1) and (3), but rather concerns the manner in which the trial is to be conducted. One would suppose that once any confession, however obtained, has been received in evidence, its weight would be left to the jury.

3. Condition (3) is subject to an important proviso, discussed hereinafter. At this present stage of the discussion, however, the proviso may be ignored.

4. Among the decided cases of which I am aware, only in United States v. Halbert, 436 F.2d 1226 (9th Cir. 1970), is a serious effort made to reconcile subsection (c) with subsections (a) and (b). In *Halbert*, the court was determined not to retreat from the proposition that § 3501 makes voluntariness the sole standard of admissibility. To overcome the difficulties referred to above, the court engaged in a *tour de force*. It inserted in subsection (c) the word "other-

wise," which simply does not appear there. With the word "otherwise" inserted, the court construed subsection (c) as follows: An in-custody confession "shall not be inadmissible solely because of delay in bringing [the confessant] before a magistrate . . . [1] if such confession is found by the trial judge to have been made [otherwise] voluntarily and . . . [3] if such confession was made or given by such person within six hours . . . ." 436 F.2d at 1234. The insertion of "otherwise" permits the construction that the trial court may consider the six-hour point simply as a factor in determining voluntariness. With respect, I consider that the insertion of "otherwise" involves too radical surgery. In 1 Wright, Federal Practice and Procedure, Criminal § 72, p. 74, the phrase "in the absence of some *other* indication of involuntariness" (emphasis added) appears, and the construction adopted in *Halbert* is foreseen as "possible."

mitting magistrate on 'probable cause.'" *Mallory,* 354 U.S., at 456, 77 S.Ct., at 1360. Unquestionably, the Supreme Court rejected the concept that a confession must be received in evidence despite the officers' breach of their duty to bring the arrested person promptly before a magistrate, so long as the confession has been given voluntarily. See also Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100 (1948).

The immediate question is whether 18 U.S.C. § 3501 has vitiated the force of *McNabb* and *Mallory* totally in a situation in which more than six hours elapse between the time of arrest and the time a confession is given. I appreciate that in *Grooms, Halbert, Marrero,* and *McCormick,* all cited *supra,* and in numerous other decisions, various federal district courts and federal courts of appeals have accepted the view, that 18 U.S.C. § 3501 does not permit the suppression of a voluntary confession solely because of the interval between the time of the arrest and the time of the confession, whether more or less than six hours. I am aware of no decision by any court which does not accept this conclusion. Nevertheless, for the reasons stated, I cannot accept it unless bound to do so.

The Supreme Court of the United States has not spoken on the point, so far as I am aware. An awkwardness arises with respect to the seventh circuit. In an unreported opinion in United States v. Spiker, 72–CR–87 (W.D. Wis., Dec., 1972), I denied a motion to suppress an in-custody confession which I found to have been voluntary, which was given prior to the confessant's appearance before a magistrate, and which was given approximately 11 hours and 45 minutes after arrest. An appeal was taken from defendant's subsequent conviction in this court and on July 31, 1973, the court of appeals affirmed the conviction in an unpublished order (73–1292). Under Rule 28 of the Rules of the United States Court of Appeals for the Seventh Circuit, its unpublished opinions may not be cited to any federal court in this circuit; nor may they be cited by any federal court in this circuit for any purpose, with exceptions not pertinent. Of course, the United States Attorney is free to cite as precedent here the earlier unpublished decision in this court in *Spiker,* and I believe that the United States Attorney is also free to draw to my attention that this court's decision in *Spiker* was affirmed by the court of appeals. I can well understand why the United States Attorney has considered himself free in this particular circumstance to cite the content of the unpublished order of the court of appeals in *Spiker.* However, I have concluded that Rule 28 does not permit him to do so, that Rule 28 does not permit me to discuss the content of that order, and that I am not bound by any opinion expressed therein. No other relevant decision of the United States Court of Appeals for the Seventh Circuit has been cited by counsel, nor am I aware of any.

I limit myself, therefore, to a few words about my own decision in *Spiker.* I consider the decision of this court in *Spiker* irrelevant to the threshold question to which this opinion has thus far addressed itself. It is true that after considering all the circumstances there present, including the interval between the time of arrest and the time the confession was made, I found that the confession had been made voluntarily. But I did not hold that this ended the inquiry. Rather, I proceeded to consider the reasonableness of the interval in the light of several factors, including the distances to be traveled, and concluded that the interval was reasonable. I will refer again later to my holding in *Spiker,* but it does not support the conclusion that a voluntary confession may never be suppressed solely because of the interval between the time of the arrest and the time of the confession, and for the reasons I have stated I reject that conclusion.

*Is the command of § 3501 (c) applicable?*

It must be determined, however, whether the command of § 3501(c) ap-

plies to the particular confession at issue in this particular case. As discussed above, § 3501(c) commands that the June 11, 1974, confession shall not be inadmissible solely because of delay in bringing this defendant before a magistrate, if all of three stated conditions are met. The first is that the confession be found by the trial judge to have been made voluntarily; I have made such a finding; this condition is met. The second is that the weight to be given the confession is left to the jury; if the confession is admitted, this condition will be met. The third is that the confession was made or given within six hours immediately following the arrest; this confession was made about 11 hours and 20 minutes after the arrest; this third condition is not met. Except for the proviso discussed in the following paragraph of this opinion, it is clear that the command of subsection (c) is not applicable.

Subsection (c) contains the proviso that the third condition (the six-hour limitation) "shall not apply in any case in which the delay in bringing such person before such magistrate . . . beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate . . . ." Taken literally, the proviso has no bearing upon the present case. The "means of transportation" here was footpower, which was surely available. The "distance to be traveled" was no more than about 100 yards. Considering those two factors only, I find that the delay of 11 hours and 20 minutes was not reasonable.

■ It has been suggested that the proviso just quoted should be read to make the six-hour limitation inapplicable if the confession was given "within six hours after arrest plus such additional period as is found to be reasonable," considering not only the means of trans-

portation and the distance to be traveled, but also the availability or unavailability of a magistrate because of the hour of the day or night. United States v. Marerro, 450 F.2d 373, 379 (2d cir. 1971) (Friendly, J., concurring). I consider this construction also to be rather radical. First, it implies that law enforcement officers need not bestir themselves during the first six hours, and that the test of reasonableness is to be applied only to the circumstances existing after the passage of six hours (in this case, to the period from about 6:20 a. m. to about 11:40 a. m.). I believe that the circumstances existing during the entire interval from the time of arrest to the time of the confession should be considered in determining reasonableness. Second, although the statute specifies the two factors to be considered in determining the reasonableness of the delay (means of transportation and distance to be traveled), the suggested construction would add a third (the availability or unavailability of a magistrate because of the hour of the day or night).

■ However, I am prepared to apply the proviso as expansively construed by Judge Friendly. I place upon the government the burden of showing that the delay beyond six hours was reasonable. The government has made no showing with respect to the availability of magistrates, state or federal,[5] at any time between 12:20 a. m. and 11:40 a. m. on June 11, 1974. I doubt that it is a matter of which I may take judicial notice. However, if I were to do so, and if I were to take such notice in a manner most favorable to the government, I would find that both state and federal magistrates were available between 9:00 a. m. and 11:40 a. m. on June 11, 1974. I find that for the purpose of applying the § 3501(c) proviso, a delay from 9:00 a. m. to 11:40 a. m. in bringing this defendant before a magistrate was not reasonable.[6]

5. See 18 U.S.C. § 3041.

6. And, of course, I find that a delay from 12:20 a. m. to 11:40 a. m. was not reasonable.

I do not consider that my holding in United States v. Spiker, *supra*, is precedent for a holding that the delay here was reasonable. My decision in *Spiker* was made orally from the bench and was stated rather imprecisely, and not in terms of whether the condition of the § 3501(c) proviso had been met. However, whether correctly or not, it analyzed the travel problems of the law enforcement officers, and the distance between the place of arrest and the location of the nearest available federal magistrate. These travel and distance factors are not present here.

■ I conclude that the proviso contained in § 3501(c) is inapplicable to the particular circumstances of this case, and, therefore, that the confession of June 11, 1974, is not subject to the command of § 3501(c), namely, that it shall not be inadmissible solely because of delay in bringing the defendant before a magistrate.

### Remaining questions

Because counsel herein have had inadequate warning that my analysis of this case would be as set forth above, I will provide an opportunity for further briefing and, if necessary, for a further evidentiary hearing on the motion to suppress. Without restricting counsel in such briefing, I invite their comments on the following points.

#### 1.

Because this defendant was never in federal custody from the time of his arrest by the local police until the conclusion of the challenged interview, it may be that all I have said herein is irrelevant, and that the motion to suppress must be denied. Rule 5(a) of the Federal Rules of Criminal Procedure, and the statutes which preceded it, relate to procedures following an arrest for an offense against the laws of the United States. Although some doubt has been expressed whether, despite the language of the opinions in *McNabb* and *Mallory*, those decisions reach beyond the enforcement of Rule 5(a) and its statutory forerunners to the vindication of federal constitutional requirements,[7] the court of appeals for this circuit has expressly held that the *McNabb-Mallory* rule is not of constitutional dimensions. Van Ermen v. Burke, 398 F.2d 329, 331 (7th cir. 1968). Thus, it may be that neither any federal statute or rule, nor any pronouncement by the Supreme Court supports the exclusion from evidence in a criminal prosecution in a federal court of a voluntary confession obtained while the confessant was in state custody and prior to an appearance before a magistrate, no matter how extended the interval between the time of the arrest and the time the confession was made.[8] This is the tenor of the judicial decisions on the subject. See, for example, Grooms v. United States, 429 F.2d 839, 842 (8th cir. 1970); United States v. Jackson, 448 F.2d 539, 543–545 (5th cir. 1971), cert. den., 404 U.S. 1063, 92 S.Ct. 750, 30 L.Ed.2d 752; United States v. Johnson, 467 F.2d 630, 637 (2d cir. 1972), cert. den., 410 U.S. 932, 93 S.Ct. 1382, 35 L.Ed.2d 595, 413 U.S. 920, 93 S.Ct. 3069, 37 L.Ed.2d 1042; United States v. Davis, 459 F.2d 167, 169–170 (6th cir. 1972); Kulyk v. United States, 414 F.2d 139, 141–142 (5th cir. 1969); United States v. Halbert, 436 F.2d 1226, 1230 (9th cir. 1970), and Little v. United States, 417 F.2d 912, 915 (9th cir. 1969).

Despite the prevalence of this viewpoint, I find it difficult to concur. The question before me is whether certain evidence should be excluded from a trial in a federal court, not in a state court. In *McNabb* and *Mallory* the Supreme

---

7. See 1 Wright, Federal Practice and Procedure, Criminal § 72, pp. 74–75; *Miranda*, 384 U.S., at 463, 86 S.Ct. 1602.

8. I note, however, that § 3501(c), with its six-hour rule, refers to confessions made "while such person was under arrest or other detention in the custody of *any* law-enforcement officer or law-enforcement agency . . . ." (Emphasis added.)

Court exercised its power to impose the exclusionary sanction within the federal court system. The power was exercised because it was thought necessary to implement "an important safeguard—not only in assuring protection for the innocent but also in securing conviction of the guilty by methods that commend themselves to a progressive and self-confident society," *McNabb*, 318 U.S., at 344, 63 S.Ct. 608, quoted approvingly in *Mallory*, 354 U.S. at 452, 77 S.Ct. at 1358, and because "a decent regard for the duty of courts as agencies of justice and custodians of liberty forbids that men should be convicted upon evidence secured under the circumstances revealed [in *McNabb* . . . .]" *McNabb*, 318 U.S. at 347, 63 S.Ct. at 616.

I consider it a rather mean response to those forceful decisions to hold that a federal trial court is required to receive in evidence in a trial for a federal offense, a voluntary confession obtained from a confessant by either a state or a federal officer, following arrest and prior to an appearance before a magistrate, however, extreme the interval, simply because it was non-federal officers who controlled the situation and who failed to bring the confessant before a magistrate.

I am bound, of course, by the decision of the court of appeals for this circuit in *Van Ermen, supra*, but I note that it dealt with whether the *McNabb-Mallory* rule applies to the exclusion of a confession in a criminal prosecution in a state court. Assuming that exclusion is not required by the federal constitution when the confession is obtained during non-federal custody, it may be that nevertheless the federal courts can and should exclude such a confession from evidence when this action is warranted by the particular circumstances surrounding the delay in taking the confessant before a magistrate.

Moreover, even in the prevailing trend of judicial decisions on the subject, it is recognized that when the confession is obtained from a confessant in non-federal custody in the context of a working relationship between federal and non-federal officers, the federal court may be called upon to treat the matter as though the confessant was in federal custody on a federal charge. The record in this case to date is not fully informative. However, the alleged wrongdoing was the passing of one or more "raised" (from $1 to $20) Federal Reserve notes. The federal criminal implications were readily apparent, and the local police did communicate promptly with the Secret Service.

### 2.

Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was decided seven years after *Mallory*, and I have found as a fact that the defendant in this case was given the notice and warnings required by *Miranda*, and that he understood them, before he made the confession at issue. The view has been expressed that the significance of *Mallory* has been lessened by *Miranda*, because now the arrested person must be provided by law enforcement officers with the notice and warnings which are provided by a magistrate. See 1 Wright, Federal Practice and Procedure, Criminal, § 72, p. 63; O'Neal v. United States, 411 F.2d 131, 136–137 (5th cir. 1969), cert. den., 396 U.S. 827, 90 S.Ct. 72, 24 L.Ed.2d 77; Reinke v. United States, 405 F.2d 228, 230 (9th cir. 1969); United States v. Moore, 453 F.2d 601, 604 (3d cir. 1971), cert. den., 406 U.S. 925, 92 S.Ct. 1794, 32 L.Ed.2d 126. But see *Miranda*, 384 U.S., at 463, n. 32, 86 S.Ct. 1602; United States v. Keeble, 459 F.2d 757, 759 (8th cir. 1972), reversed on other grounds, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844. Assuming that absent *Miranda* warnings the interval between the time of the arrest and the time the voluntary confession was given in this case was so extended as to require suppression, is the confession nevertheless admissible here because the *Miranda* warnings were given and understood? My tentative opinion is that there is a sharp psychological contrast between a scene

in a jail in which an arrested person is told of his or her rights by police officers and a scene in a courtroom or judicial chambers in which an arrested person is told of his or her rights by a neutral and detached magistrate. Also, it seems that the argument proves too much; if valid, it means that there need be little urgency in bringing an arrested person before a magistrate.

### 3.

For the purpose of raising a third point, I will assume that I am not required to deny the suppression motion on the ground that this defendant was in non-federal custody or on the ground that the *Miranda* warnings were given him. If I am correct in my view, expressed earlier in this opinion, that despite 18 U.S.C. § 3501, a voluntary in-custody confession may sometimes be suppressed solely because of the duration of the interval between the time of the arrest and the time the confession is made, and that the command of § 3501(c) is not applicable to the particular confession at issue here, does it follow that this particular confession must be suppressed? Or is there room for an exercise of discretion? If there is room for an exercise of discretion, what considerations are involved, if any, beyond those dealt with earlier in this opinion with respect to the § 3501(c) proviso? See A.L.I., Model Code of Pre-Arrangement Procedure, Tentative Draft No. 6 (1974), Articles 130 and 140. What decision do such considerations suggest in this particular case? Does the burden of persuasion continue to rest upon the government with respect to the application of such considerations to this case?

### ORDER

It is ordered that within ten days from the entry of this opinion and order, the United States Attorney may serve and file a further brief on the motion to suppress. Within seven days from service of the government's brief, counsel for the defendant may serve and file an answering brief. Within five days from service of the defendant's answering brief, the United States Attorney may serve and file a reply brief. If either party considers that a further evidentiary hearing is required or is appropriate, counsel may include such a request in the brief, stating with particularity the issue or issues with respect to which further evidence should be received.