UNITED STATES of America, Plaintiff,

v.

Curtis Wayne MURRAY, Defendant.

No. 00mg3140 (AJB).

United States District Court,
S.D. California.

Nov. 20, 2000.

Mi Yung Park, Assistant United States Attorney, San Diego, CA, for Plaintiff.

Troy Britt, San Diego, CA, for Defendant.

### ORDER DENYING MOTION TO CONDUCT A RULE 5 HEARING IN THE HOSPITAL

BATTAGLIA, United States Magistrate Judge.

Defendant, Curtis Wayne Murray, was arrested on November 6, 2000. A sworn complaint and attached probable cause statement was presented to Magistrate Judge Battaglia and the complaint signed on November 7, 2000. An Initial Appearance, pursuant to Fed. Rule Crim. P. 5(a), was set before Mag-istrate Judge Battaglia on November 7, 2000. The defendant was unavailable at the time of the hearing. The defendant was hospitalized shortly after being taken into custody and was receiving psychological treatment.

Federal Defenders of San Diego appeared specially for the defendant [1]. Defense counsel moved for a "hospital" Rule 5 hearing. For the reasons set forth below, the court denied defendant's request for the Rule 5 hearing in the hospital. Provisional counsel was appointed in open court for the defendant pursuant to 18 U.S.C. § 3006(a). This attorney shall represent defendant forthwith and subject to a later court hearing confirming defendant's qualification for continued appointment of counsel.

Defendant's motions raise issues of a right to a Rule 5 hearing by a hospitalized defendant at the hospital and whether the time period in which an arrestee is receiving necessary medical care is to be counted toward the "unnecessary delay" time period under Rule 5.

1. *Procedural Protections Following Arrest.*

There are two protections under federal law afforded to defendants like Curtis Wayne Murray, following an arrest without a warrant, which are the focus of this motion. The first is the filing of a complaint supported by probable cause and the second is the initial appearance before the nearest available magistrate judge "without unnecessary delay".

A complaint is "a written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 3. The complaint, or affidavits filed with the complaint must establish probable cause to believe that an offense was committed by the defendant. Fed.R.Crim.P. 4. The prompt presentation of the probable cause statement satisfies the Fourth Amendment requirement of a prompt judicial determination of probable cause as a prerequisite to extended restraint of liberty

---

1. The Federal Defenders of San Diego are the federal public defenders for this judicial district and counsel newly arrested defendants and specially appear at the initial appearance calendar daily to represent newly arrested defendants. The Federal Defenders of San Diego are also appointed to represent a portion of the defendants qualifying for appointed counsel from these court appearances.

following arrest. *See, Gerstein v. Pugh,* 420 U.S. 103, 114, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). *County of Riverside* presumptively sets a 48 hour period for this probable cause determination. These standards were met in this case.

### 2. *Required Timing For The Rule 5(a) Hearing.*

The requirements and timing for the initial appearance are set out in Fed.R.Crim.P. 5. The proceeding is to occur "without unnecessary delay." What constitutes unreasonable delay is to be determined in light of all of the facts and circumstances of the case.[2] The prompt presentment of the defendant under Rule 5(a) need not be within 48 hours of a person's arrest.[3] *United States v. Van Poyck,* 77 F.3d 285 (9th Cir.) *cert. denied,* 519 U.S. 912, 117 S.Ct. 276, 136 L.Ed.2d 199 (1996).

■■■■ The purpose of Rule 5(a) is obviously to prevent federal law enforcement from using the time between an arrest and presentment before a magistrate judge to procure a confession.[4] Legitimate delay like transportation of the defendant[5], jurisdictional determinations[6], availability of the magistrate judge[7], medical care or the intoxicated state of the defendant[8] are all legitimate delays and not in violation of the Rule 5 requirement of promptness. This concept of reasonable delay due to medical circum-

stances is supported in other contexts as well. Under section h(4) of the Speedy Trial Act, 18 U.S.C. § 3161, delay resulting from mental incompetence or physical incapacity is reasonable and excludable under it's time limit provisions. When a psychiatric evaluation is ordered by the court under 18 U.S.C. § 4241, time is similarly excluded. *United States v. Albright,* 388 F.2d 719 (4th Cir. 1968).

■■■■ The court in *Van Poyck* found weekend or night time arraignments impractical and not required under the timing required by Rule 5. This court agrees and extends that premise to hospital arraignments, where the time of hospitalization is presumptively a reasonable delay in the process of the case. As long as a court has found probable cause for a persons arrest and promptly appoints counsel to represent the defendant's interest, no prejudice is seen to occur. If defendant is not medically stable, release from custody on bond is really a moot point. The issue of pre-trial release can be adequately addressed at the first appearance when the defendant is physically or mentally capable of such release. However, under circumstances where the defendant's competence to understand his rights could be reasonably questioned, proceeding to "arraign[9]" the defendant strains credulity. The initial appearance would likely be ineffective and most certainly a tainted proceeding. Where the defendant has been hospitalized

---

**2.** See Notes of Advisory Committee on Rules to Rule 5.

**3.** The complaint under Rule 3 is not required within 48 hours either; however, the probable cause determination under *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) must occur within the 48 hours. *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991)

**4.** *Mallory v. United States,* 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957) citing *McNabb v. United States,* 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943). The *McNabb/Mallory* rule was superseded in 1968 by the enactment of 18 U.S.C. § 3501. *United States v. Manuel,* 706 F.2d 908 (9th Cir.1983).

**5.** *United States v. Wilson,* 838 F.2d 1081 (9th Cir.1988).

**6.** *Shane v. United States,* 367 F.2d 285 (9th Cir.), *cert. denied,* 387 U.S. 946, 87 S.Ct. 2080, 18 L.Ed.2d 1333 (1967)

**7.** *United States v. Van Poyck,* 77 F.3d 285 (9th Cir.) *cert. denied,* 519 U.S. 912, 117 S.Ct. 276, 136 L.Ed.2d 199 (1996).

**8.** *United States v. Isom,* 588 F.2d 858 (2nd Cir. 1978); *United States v. Manuel,* 706 F.2d 908 (9th Cir.1983); *United States v. Haskins,* 536 F.2d 775 (8th Cir.1976); *United States v. Christopher,* 956 F.2d 536 (6th Cir.1991).

**9.** The Initial Appearance is not technically an "arraignment", although, it is characterized as such by case law. The difference between an initial appearance and an arraignment (See, Fed. R.Crim.P. 10) is that the defendant is not called upon to plead at the initial appearance.

after a preliminary assessment of a medical or psychological need, a question of the defendant's competence to proceed to the Rule 5 hearing is obviously raised. Whether due to intoxication, going through detoxification, severe emotional distress, or the influence of prescription medications, proceeding to conduct an initial appearance, absent a certification of competence is dangerous at best. Questions of competence cannot be summarily addressed in some expedited fashion or upon some hearsay evidence if the court is to confidently proceed. A real danger exists that a defendant will be denied due process because of the impaired state. Mental competence is necessary for a case to proceed. This is the very reason that the elaborate procedures to determine competence exist. 18 U.S.C. § 4241, *et seq.*

The real "danger" associated with post-arrest delay is the potential abuse by law enforcement to coerce statements from the accused during some unwarranted detention. *Mallory v. United States*, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). Where, however, the arrest is found to be supported by probable cause under the processes required under Federal Rules 3 and 4, respectively, and counsel is appointed for the defendant at the earliest opportunity to protect defendant's interest, the potential for abuse is limited. Ultimately, however, the voluntariness of any confession can be raised to the trial court (18 U.S.C. § 3501). Even if it were not, at a motion to suppress (pursuant to 18 U.S.C. § 3501), the very fact that the defendant was hospitalized at the time of some alleged coerced statement, was under psychiatric observation, and/or the influence of prescription drugs, non-prescription drugs or alcoholic substances, would be better support for an argument as to "voluntariness," than the mere passage of time between arrest and initial appearance.

■ For these reasons, the Court is not required to provide a Rule 5 hearing at a hospital for a hospitalized defendant such as Mr. Murray. Further, the time period in which an arrestee is receiving necessary medical care in the hospital is reasonable delay under the time requirements of Rule 5.

*CONCLUSION*

For the foregoing reasons, the request to conduct the Rule 5 proceeding in the hospital is denied. This ruling is without prejudice to defendant raising issues concerning the voluntariness of any statement of confession occasioned by delay asserted to have occurred between the arrest and the first appearance in the case.

IT IS SO ORDERED.