**UNITED STATES of America**

v.

**Anthony JOHNSON**

**No. CRIM.CCB–03–0469.**

United States District Court,
D. Maryland.

Jan. 11, 2005.

George Levi Russell, III, Office of the United States Attorney, Baltimore, MD, for Plaintiff.

Joseph Lee Evans, Office of the Federal Public Defender, Baltimore, MD, for Defendant.

### *MEMORANDUM*

BLAKE, District Judge.

Defendant Anthony Johnson was indicted on October 15, 2003 by a federal grand jury and charged with interference with commerce by robbery, 18 U.S.C. § 1951; use of a firearm in connection with a crime of violence, 18 U.S.C. § 924(c); and being a prohibited person in possession of a firearm, 18 U.S.C. § 922(g). He has filed a motion to sever the § 922(g) count for a separate trial, and a motion to suppress his statement to law enforcement officers as involuntary and for violation of the prompt presentment rule. Testimony and oral argument were heard on July 30, 2004, following which the motion to sever was taken under advisement and the motion to suppress was denied in part, based on my finding that the statement was given voluntarily and in compliance with *Miranda.* (Gov't Mem, Ex. 1, Tr. at 94–96). Further briefing was permitted on the prompt presentment issue.

Based on the testimony and exhibits, the chronology of events relevant to the prompt presentment issue is as follows. On June 3, 2003, at approximately 3:00 a.m., Baltimore City Police officers arrested Johnson on the scene for robbery of the UAC grocery store on Fremont Avenue in Baltimore. Because he had been injured while struggling with the store owner, he was taken to the University of Maryland hospital for urgent treatment. The City charged Johnson on June 3, 2003, with assault, theft, and handgun offenses. Also, the same day, Detective Alan Savage contacted ATF agent Michael Hodnett to inform him about the case and that it might be appropriate for federal prosecution. Hodnett checked Johnson's criminal record at approximately 3:00 p.m. on June 3rd and concluded that he would seek federal authorization. On June 5, 2003, Johnson was released from the hospital and was taken to the Western District police station to be interviewed. Hodnett then received a phone call from Savage inviting him to participate. On Hodnett's arrival, background information was obtained from Johnson at approximately 4:30 p.m., Johnson was advised of his *Miranda* rights at 4:45 p.m., and he completed giving a taped statement at approximately 6:45 p.m. Johnson was then taken to Central Booking for the night. He had his first appearance before a commissioner on June 6, 2003. At some point on June 6, 2003, Hodnett spoke with an Assistant United States Attorney and obtained authorization to open a federal case.

The prompt presentment issue has been fully and carefully briefed by both sides. I have reviewed the many cases cited as well as the relevant legislative history, which will not be repeated here. For the reasons briefly stated below, the remainder of the motion to suppress also will be denied.

I agree with the defense that under the *McNabb–Mallory* decisions of the Supreme Court, as well as under the statutory rule of 18 U.S.C. § 3501(c), the trial court has discretion to exclude an otherwise voluntary statement for failure to present a defendant to a judicial officer for initial appearance if there is "delay of greater than six hours found not to be reasonable" under the circumstances. *U.S. v. Perez,* 733 F.2d 1026, 1031 (2d Cir.1984); *see also U.S. v. Robinson,* 439 F.2d 553, 563–64 (D.C.Cir.1970). If delay were only a factor to be considered in connection with the voluntariness inquiry, § 3501(c) would have been unnecessary; instead, § 3501(c) is aimed at providing a 6–hour "safe harbor" to modify the possible effect of *McNabb–Mallory. See U.S. v. Alvarez–Sanchez,* 975 F.2d 1396, 1400–01 (9th Cir.1992), *rev'd on other grounds,*

511 U.S. 350, 114 S.Ct. 1599, 128 L.Ed.2d 319 (1994); *Perez,* 733 F.2d at 1031–32; *see also U.S. v. Superville,* 40 F.Supp.2d 672, 681–83 (D.Vi.1999); *U.S. v. Wilbon,* 911 F.Supp. 1420, 1432 (D.N.M.1995); *U.S. v. Erving,* 388 F.Supp. 1011, 1016–17 (W.D.Wis.1975); *cf. U.S. v. Beltran,* 761 F.2d 1, 8 (1st Cir.1985); *U.S. v. Gaines,* 555 F.2d 618, 623 (7th Cir.1977); *but see U.S. v. Mayes,* 552 F.2d 729, 734 (6th Cir.1977); *U.S. v. Halbert,* 436 F.2d 1226, 1234 (9th Cir.1970).[1]

◼ I disagree, however, with the defendant's narrow interpretation of how to calculate the relevant period of "delay." Mr. Johnson would begin the running of the six hours from the moment the city police officers took him into custody on the scene of the alleged robbery, or at least from the time shortly thereafter when the city first called ATF to advise them a suspect was in custody who might be appropriate for federal prosecution. Thus, despite the fact that the initial two and a half day delay was necessary for Mr. Johnson's hospital medical treatment, the six-hour period would be unavailable and the officers would have had no option but to transport him directly to a commissioner or magistrate judge without even routine booking procedures. As the court in the Eastern District of Pennsylvania noted in an unpublished but persuasively stated opinion:

it could not have been Congress's intent in enacting § 3501 to force law enforcement officers to choose between providing an arrestee with requested medical treatment or obtaining an admissible confession, and there does not appear to be any caselaw that would support such a holding.

*U.S. v. Corley,* 2004 WL 1102367 (E.D.Pa. 2004). *See also U.S. v. Aman,* 624 F.2d 911, 913 (9th Cir.1980); *U.S. v. Isom,* 588 F.2d 858, 862–63 (2d Cir.1978); *U.S. v. Haskins,* 536 F.2d 775, 778 (8th Cir.1976); *U.S. v. Murray,* 197 F.R.D. 421, 423 (S.D.Cal.2000).[2]

A better approach, and one more consistent with the purposes of the *McNabb–Mallory* rule, is to evaluate the overall period of delay in excess of six hours for necessity and reasonableness in determining whether an otherwise admissible voluntary confession should be suppressed. This appears to be the approach followed, though somewhat differently stated, by the Ninth Circuit in *Alvarez–Sanchez,* 975 F.2d at 1404–05, by the Second Circuit in *Perez,* 733 F.2d at 1035, and by the Seventh Circuit in *Gaines,* 555 F.2d at 623–24. Here the initial delay was necessitated by the urgent need for Mr. Johnson to receive medical care, and a voluntary statement was given by him to both local and federal officers within four hours of his release from the hospital. The period of delay in excess of six hours was reasonable, and no purpose under *McNabb–Mallory* or 18 U.S.C. § 3501(c) would be served by suppressing this statement at trial.[3]

---

1. The Fourth Circuit has alluded to but not squarely addressed this issue in any published opinion. *See U.S. v. Dodier,* 630 F.2d 232, 236 (4th Cir.1980).

2. While these cases may be analyzing Rule 5(a) rather than 18 U.S.C. § 3501(c), the prompt presentment purpose of these provisions is closely related.

3. While this argument is not strenuously pressed by the government, it is possible that Rule 5 and 18 U.S.C. § 3501(c) do not apply

to Johnson's statement. Johnson was not in federal custody until some time after June 6, 2003, and Hodnett did not make the decision that Johnson should be transported to the Western District upon his release from the hospital rather than taken directly to a commissioner. (Gov't. Mem Ex. 1, Tr. at 37–38.) It is not clear that the cooperation between Savage and Hodnett amounted to the kind of "improper" collusion that would require the application of a federal exclusionary rule. *See U.S. v. Alvarez–Sanchez,* 511 U.S. 350,

Turning to the motion for severance, the parties agree it is subject to the trial court's discretion. I find that any unfair prejudice to the defendant from the jury becoming aware that he has a prior conviction for a crime punishable by more than one year in prison can be alleviated by appropriate limiting instructions and is substantially outweighed by the fact that severance would essentially require repeating the same trial twice, as virtually all the evidence in the § 1951 robbery trial would be admissible to prove knowing possession of a firearm in the § 922(g) trial.

Accordingly, the motions for severance and to suppress statement will be Denied by separate order.

## ORDER

For the reasons stated in the foregoing Memorandum and on the record in open court on July 30, 2004, it is hereby **ORDERED** that:

1. defendant's Motion to Suppress Statement (docket entry no. 11) is **Denied**;

2. defendant's Motion to Sever (docket entry no. 12) is **Denied**;

3. defendant's Motion for Pretrial Blakely Determination (docket entry no. 19) is Denied without prejudice; and

4. copies of this Order and the foregoing Memorandum shall be sent to counsel of record.

358–60, 114 S.Ct. 1599, 128 L.Ed.2d 319    (1994).