UNITED STATES of America, Plaintiff,

v.

Todd Lydell SMITH, Defendant.

No. Cr. 6–89–33.

United States District Court,
D. Minnesota,
Sixth Division.

June 1, 1989.

James E. Lackner, Asst. U.S. Atty., Minneapolis, for plaintiff.

Scott F. Tilsen and Cecelia Michel, Asst. Public Defenders, Minneapolis, for defendant.

DEVITT, District Judge.

## BACKGROUND

Defendant is charged with assaulting one Arlan Stately with a rake on the Red Lake Indian Reservation on November 3, 1988, in violation of 18 U.S.C. §§ 113(c) & (f) and 18 U.S.C. § 1153. He was arrested by tribal police on November 3, 1988, at approximately 6:30 a.m. He was interviewed at approximately 12:15 p.m. on November 4, 1988, at the Red Lake Law Enforcement Center by FBI Special Agent Richard Nelson.

Defendant moves to suppress the statements he made to Agent Nelson and to have the court declare the Sentencing Guidelines unconstitutional. A hearing was held on May 30, 1989, at which Special Agent Nelson testified. For the following reasons, both of defendant's motions are denied.

## DISCUSSION

### I. *Suppression of Statements*

Defendant argues that his statements were involuntary because he was not taken before a magistrate until after the interview, approximately a day and a half after he was arrested. He cites 18 U.S.C. § 3501 which provides that a confession made by a defendant in custody:

> shall not be inadmissible solely because of delay of bringing such person before a magistrate ... if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention: *Provided,* that the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate or other officer beyond such six hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be travelled to the nearest available such magistrate or other officer.

However, as the Eighth Circuit has noted:

> Section 3501 does not make a confession obtained after the six hours has run automatically inadmissible. Rather, it merely prohibits exclusion of a confession obtained within six hours solely because of delay.

*United States v. Van Lufkins,* 676 F.2d 1189, 1193 (8th Cir.1982). The ultimate test of whether a statement is admissible is

whether the statement is voluntary. *United States v. Shoemaker*, 542 F.2d 561 (10th Cir.), *cert. denied,* 429 U.S. 1004, 97 S.Ct. 537, 50 L.Ed.2d 616 (1976). One factor to consider in determining whether a statement is voluntary is whether there was an unreasonable delay in bringing the defendant before a magistrate. *Id.* It must also be considered how this time was used; i.e., whether the delay was used to coerce a statement in any way.

■At the hearing, no evidence of coercion was brought forth. It was shown that defendant was given a proper *Miranda* warning and voluntarily executed a waiver of rights form. The delay in bringing defendant before a magistrate was reasonable both because defendant had not yet been charged by federal authorities at the time of the interview and because defendant had been drinking alcohol shortly before his arrest. *See, e.g., Van Lufkins,* 676 F.2d at 1193; *United States v. Bear Killer,* 534 F.2d 1253, 1257 (8th Cir.1976).

Considering all the circumstances surrounding defendant's statement, the court concludes that defendant voluntarily waived his rights and voluntarily made a statement. The motion is denied.

## II. *Constitutionality of the Sentencing Guidelines*

Defendant also moves the court to declare the Sentencing Guidelines and their enabling legislation unconstitutional on the grounds that the passage of the Guidelines violated the Presentment Clauses of the Constitution, Art. I, Sec. 7, cls. 2 and 3.

The Supreme Court recently upheld the constitutionality of the Sentencing Guidelines and the Sentencing Reform Act of 1984 in *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). However, it did not specifically address the issue of whether the enactment of the Guidelines violated the Presentment Clauses. Prior to *Mistretta,* several courts had invalidated the Guidelines partially because of a perceived Presentment Clause violation. *See, e.g., United States v. Swapp,* 695 F.Supp. 1140, 1149 (D.Utah 1988); *United States v. Brittman,* 687

F.Supp. 1329, 1340–41 (E.D.Ark.1988); *United States v. Perez,* 685 F.Supp. 990, 999–1000 (W.D.Tex.1988); *United States v. Elliott,* 684 F.Supp. 1535, 1540–41 (D.Col. 1988); *see also* Chief Judge Wright's dissent in the opinion below in *Mistretta, United States v. Johnson,* 682 F.Supp. 1033, 1035–38 (W.D.Mo.1988); *but cf. United States v. Frank,* 864 F.2d 992, 1014 (3rd Cir.1988); *United States v. Seluk,* 691 F.Supp. 525 (D.Mass.1988). The court is not aware of any cases addressing this issue subsequent to *Mistretta.*

■ Initially, the government argues that defendant's argument is not yet ripe for this court to decide because he has not yet been convicted. The court is not persuaded by this argument. *See, e.g., United States v. Perez,* 685 F.Supp. at 992–93 (defendant had standing to make pretrial motion to declare Guidelines unconstitutional and issue was ripe when challenge involved purely legal issues and determination was necessary for informed decision about a plea bargain). The court will rule on defendant's motion at this time so he may make an intelligent decision regarding a plea.

■ Defendant argues that the failure of Congress to provide a role for the President to either veto or approve the Guidelines, and instead reserving to themselves the sole power to approve the Guidelines by simple inaction, violates the Presentment Clauses.

Article I of the United States Constitution provides:

All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.

Art. I, § 1.

Every Bill which shall have passed the House of Representatives and the Senate, shall, before it becomes a law, be presented to the President of the United States ...

Art. I, § 7 cl. 2

Every Order, Resolution, or Vote to which the Concurrence of the Senate and House of Representatives may be neces-

sary (except on a question of Adjournment) shall be presented to the President of the United States; and before the Same shall take Effect, shall be approved by him, or being disapproved by him, shall be repassed by two thirds of the Senate and House of Representatives, according to the Rules and Limitations prescribed in the Case of a Bill.

Art. I, § 7, cl. 3

In short, the Presentment Clauses require that all legislation be presented to the President, so that he might exercise his veto power, before it becomes law.

The Sentencing Reform Act of 1984 provides in Section 235(a)(1)(B)(ii)(III) that the Guidelines shall not go into effect until the day after "Congress has had six months after [the Sentencing Commission has submitted the initial set of guidelines along with a report to Congress] in which to examine the guidelines and consider the reports." Pub.L. No. 98–473, 1984 U.S. Code Cong. & Admin.News (98 Stat.) 1987, 2032. Section 235(a)(1)(B)(ii)(II) also requires the General Accounting Office to conduct a study of the Guidelines and report the results to Congress within 150 days after submission of the Guidelines by the Commission. *Id.* Congress has stated that the reason for this procedure is to assure "that there is ample opportunity for interested parties to examine the proposed initial guidelines before they are used to replace the existing sentencing system." S.Rep. No. 225, 98th Cong., 2d Sess. 189, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3372.

Defendant argues that Section 235 gives Congress a six month period in which to veto the Guidelines promulgated by the Sentencing Commission while denying any veto power to the Executive. He argues that this usurpation of executive power violates the Presentment Clauses and cites *INS v. Chadha,* 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983).

It should be noted that defendant does not argue that the Guidelines promulgated by the Commission would have to be presented to the President if Congress retained no control over them. He concedes

that "*Mistretta* makes clear that Congress could appropriately authorize an administrative agency located within the judicial branch to pass rules governing the sentencing process." He seems to realize that if the Guidelines were required to be presented to the President in the absence of any retained Congressional veto power, then all rules promulgated by administrative agencies would have to be presented to the President as well, which is clearly not required. *See, e.g., Chadha,* 462 U.S. at 952, 103 S.Ct. at 2785, n. 16.

Defendant's argument is that either both Congress and the President must retain veto power, or neither may. He claims that it is the act of making the Guidelines promulgated by the Commission subject to Congress' review, without similarly being subject to Presidential veto, which has violated the Constitution.

*Chadha* held that legislation authorizing one House of Congress, by resolution, to invalidate a decision of the Executive Branch was violative of the Presentment Clauses. The decision was an exercise of authority delegated by Congress to the Attorney General to allow a particular deportable alien to remain in the United States. The Court stated "Congress must abide by its delegation of authority until that delegation is legislatively altered or revoked." *Id.,* at 955, 103 S.Ct. at 2786 (footnote omitted).

In the Sentencing Reform Act, however, Congress did not retain any power to invalidate or veto the rules promulgated by the Commission. Section 235 merely provides that Congress shall have six months "to examine the guidelines and consider the reports." The statute does not purport to allow Congress to invalidate the Guidelines by resolution as the Immigration and Nationality Act did in *Chadha.* If Congress wished to alter the Guidelines submitted by the Commission it would have to do so by legislative act which would then have to be submitted to the President. Defendant's argument misconstrues the authority granted to Congress under Section 235.

The six month provision of Section 235 resembles the "report and wait" provision

of the enabling act of the Federal Rules of Civil Procedure approved by the Supreme Court in *Sibbach v. Wilson & Co.*, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941), and more recently in *Chadha*, 462 U.S. at 935 n. 8, 955 n. 19, 103 S.Ct. at 2776 n. 8, 2886 n. 19. It also resembles the enabling provisions of the Federal Rules of Evidence. *See Chadha*, 462 U.S. at 935, 103 S.Ct. at 2776, n. 8. And although the Guidelines may be more substantive or political in nature than these rules, the Supreme Court has found this distinction to be of negligible utility in determining the constitutionality of the Guidelines, *Mistretta*, —— U.S. at ——, 109 S.Ct. at 664–65; *see also Chadha*, 462 U.S. at 953, 103 S.Ct. at 2785, n. 16.

The enabling acts of the Rules of Procedure, the Rules of Evidence, and the Sentencing Guidelines do not provide that Congress could unilaterally veto them. Rather, the statutes gave Congress the opportunity to review the Rules and the Guidelines before they became effective and to pass legislation barring their effectiveness if they were found objectionable. *Chadha*, 462 U.S. at 935, 103 S.Ct. at 2776, n. 8. And of course any legislation barring their effectiveness or altering them would have to be presented to the President. "This technique was used by Congress when it acted in 1973 to stay, and ultimately to revise, the proposed Rules of Evidence." *Id.* There is no violation of the Presentment Clauses under this type of statutory scheme because Congress does not retain any unilateral veto power. Any changes Congress wishes to make in the rules promulgated pursuant to the delegated authority must also be presented to the President.

It should also be noted that although *Mistretta* did not specifically address the Presentment Clause issue, it did conduct a thorough separation of powers analysis. And the Presentment clause issue is essentially a separation of powers question. *See Chadha*, 462 U.S. at 946, 103 S.Ct. at 2781. Moreover, the Supreme Court was certainly aware of the Presentment Clause issue as this was raised by Chief Judge Wright in his dissent in the opinion below in *Mistretta, United States v. Johnson*, 682 F.Supp. 1033, 1035–38 (W.D.Mo.1988). This court

is confident that were the Supreme Court to directly address the Presentment Clause issue, it would again uphold the constitutionality of the Sentencing Guidelines.

## CONCLUSION
IT IS HEREBY ORDERED that:

1. Defendant's motion to suppress statements is DENIED; and

2. Defendant's motion to have the court declare the Sentencing Guidelines unconstitutional is DENIED.