**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

TRAVIS SEAN BOYD,

       Defendant - Appellant.

No. 01-2041
(D.C. No. CR-00-941-MV)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR** and **HOLLOWAY**, Circuit Judges, and **VAN BEBBER,** Senior District Judge.[**]

---

Travis Sean Boyd pled not guilty to all counts of an indictment charging conspiracy and possession with intent to distribute crack cocaine, tampering with a witness, and carrying a firearm in relation to a drug trafficking crime. Following a jury verdict of guilty as to the first two charges, the district court sentenced Mr. Boyd to 300 months imprisonment for each count of the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable G. Thomas Van Bebber, Senior United States District Judge for the District of Kansas, sitting by designation.

conviction.  Mr. Boyd appeals the district court's denial of his motion to suppress self-inculpatory statements, asserting that his waiver of *Miranda* rights was invalid and that his subsequent self-incriminating statements were not voluntary and were the product of delay.  We affirm.[1]

At 10:00 p.m. on October 7, 1999, local officials arrested Mr. Boyd in Carlsbad, New Mexico pursuant to a municipal warrant for two misdemeanor city code violations, possession of marijuana and driving with a suspended license. He was advised orally and in writing of his *Miranda* rights and signed an "advice of rights" form at 10:42 p.m.  Thereafter, local and federal authorities questioned him regarding his possible involvement in felony drug-related activities and a death threat made to a drug task force agent.   During the interrogation, Mr. Boyd made both oral and written inculpatory statements.

In the early morning hours of October 8, authorities transported Mr. Boyd to a local motel after he agreed to act as a police informant.  While there, he completed his written statement to authorities.  Mr. Boyd appeared in municipal court in Artesia, New Mexico that afternoon on the charges for which he was arrested.  Federal agents took custody of him once he was transported back to the motel.  The following evening, authorities transported him to Las Cruces, New Mexico for his scheduled appearance before the federal magistrate on October 10.

---

[1] After a complete review of the record, we decline to grant Mr. Boyd's pro se Motion to Relieve Court-Appointed Counsel.

On the day of his appearance, the government filed a criminal complaint charging Mr. Boyd with certain federal offenses. He entered a guilty plea, which was later withdrawn following the appointment of new counsel by the district court. The government then filed a four-count indictment, to which Mr. Boyd pled not guilty as to all counts. After an evidentiary hearing, the district court denied Mr. Boyd's motion to suppress his inculpatory statements.

Upon appeal of the denial of a suppression motion, we review the district court's factual findings for clear error, taking the evidence in the light most favorable to the district court's ruling. *See United States v. Toro-Pelaez*, 107 F.3d 819, 826 (10th Cir. 1997). Ultimate determinations of waiver and voluntariness present questions of law subject to review de novo. *See id.* (waiver); *United States v. Hernandez*, 93 F.3d 1493, 1501 (10th Cir. 1996) (voluntariness). Procedural safeguards set forth in *Miranda* are designed to protect a suspect's Fifth Amendment privilege against self-incrimination during a period of custodial investigation. *See Moran v. Burbine*, 475 U.S. 412, 420 (1986). A valid waiver of this privilege must be "knowing, voluntary and intelligent," meaning it is "the product of a free and deliberate choice rather than intimidation, coercion, or deception," and is "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* at 421. The government must prove the validity of a waiver by a

preponderance of the evidence. *See Colorado v. Connelly*, 479 U.S. 157, 168 (1986).

Mr. Boyd argues that his written waiver of *Miranda* rights was invalid. He asserts that it was not knowing, voluntary or intelligent because the true reason officers took him into custody was to question him about the suspected federal felony charges, not the minor misdemeanors for which he was arrested. However, the state of mind of the police is irrelevant to determining whether the suspect made a valid waiver. *See id*. at 423. Moreover, an express written statement of waiver, such as the "advice of rights" form signed by Mr. Boyd, is strong proof of the waiver's validity. *See North Carolina v. Butler,* 441 U.S. 369, 373 (1979). In light of this precedent, as well as our review of the record, we find no error in the district court's determination that Mr. Boyd effected a valid written waiver.

Nor are we persuaded the district court erred in finding that Mr. Boyd's subsequent incriminating oral and written statements were voluntary. To be voluntary, a confession must be "the product of an essentially free and unconstrained choice by its maker[.]" *Schneckloth v. Bustamonte,* 412 U.S. 218, 225 (1973). Both the characteristics of the accused and the circumstances of the interrogation are relevant to this determination. *See id.* at 226. A review of the record under the totality of the circumstances standard supports the district court's determination that Mr. Boyd's statements were voluntary.

Finally, we see no error in the district court's denial of Mr. Boyd's claim under 18 U.S.C. § 3501(c).[2]  Mr. Boyd urges us to hold that he was in federal custody from the time the interrogation began on the night of October 7.  Even if we adopted this position, a review of the record shows that Mr. Boyd made the majority of his inculpatory statements within six hours of his arrest.  Moreover, strict adherence to the six-hour rule in § 3501(c) is not required to render a confession admissible.  *See United States v. Glover,* 104 F.3d 1570, 1583 (10th Cir. 1997) (quoting *United States v. Shoemaker*, 542 F.2d 561, 563 (10th Cir. 1976)).[3]

**AFFIRMED**.

ENTERED FOR THE COURT
Stephanie K. Seymour
Circuit Judge

---

[2] Section 3501(c) states:

> In any criminal prosecution … a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law enforcement officer or law enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate ... if such confession was made or given by such person within six hours immediately following his arrest or other detention: *Provided*, That the time limitation … shall not apply in any case in which the delay … is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate. . . .

[3] In *Dickerson v. United States*, 530 U.S. 428 (2000), the Supreme Court held that Congress, by enacting § 3501, could not supersede *Miranda*, a constitutional decision.  Nothing in *Dickerson* overrules or affects the time limitation specified in subsection (c) of § 3501.