UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert L. CHRISTOPHER,
Defendant–Appellant.

No. 90–6512.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 13, 1991.

Decided Dec. 10, 1991.*

---

* This decision was originally issued as an "unpublished decision" filed on December 10, 1991. On February 5, 1992 the court designated the opinion as one recommended for full text publication.

Joseph M. Whittle, U.S. Atty., Terry Cushing, Asst. U.S. Atty. (argued and briefed), Steven W. Wilson, Sp. Asst., Office of the U.S. Atty., Louisville, Ky., for U.S.

E.W. Rivers (argued and briefed), Paducah, Ky., for Robert L. Christopher.

Before RYAN and NORRIS, Circuit Judges; BELL, District Judge.**

PER CURIAM.

Defendant–Appellant Robert L. Christopher appeals his three-count conviction and sentence for assault by striking, beating or wounding in violation of 18 U.S.C. § 113(d), assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(f), and wanton endangerment in the first degree in violation of 18 U.S.C. § 13 and K.R.S. § 508.060. The heart of this appeal concerns the effect of pre-arraignment delay on the admissibility of defendant's statements. For the reasons stated below we affirm the defendant's convictions and sentence.

I.

On December 1, 1989, after he had been drinking, defendant shot Sophronia Taylor in her quarters on the Fort Campbell, Kentucky, Military Reservation. He took her to the hospital and at approximately 11:30 p.m. was taken into custody by the Military Police. The next morning, December 2, 1989, at approximately 8:40 a.m., defendant signed a waiver of his *Miranda* rights and answered the questions of the Criminal Investigation Detectives ("CID") agents concerning the shooting. After his initial denial of involvement he claimed the shooting was an accident. At 12:40 p.m. he signed a written statement and later that afternoon

** The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

he reenacted the events surrounding the shooting on video tape.

The defendant was issued a citation and instructed to return on December 4 to appear before a magistrate. He was released at approximately 11:20 p.m.

On December 4 defendant appeared for the arraignment and was informed that the citation had been withdrawn. He advised a CID agent that he could now remember events more clearly and requested the opportunity to clarify his earlier statements. Accordingly, at 4:00 p.m. he returned to the CID office, again waived his *Miranda* rights, and made a second reenactment of the events on video tape.

Defendant was convicted following a 2 day jury trial. The district court sentenced him to six months' imprisonment as to Count 1, sixty-four months' imprisonment as to Count 2, and sixty months' imprisonment as to Count 3, all sentences to run concurrently. The court imposed three years' supervised release on each of counts 2 and 3 to run concurrently and imposed restitution in the amount of $9,498.00 and costs of $110.00.

## II.

Prior to trial defendant moved to suppress his written, oral and video taped statements on the basis that they were given involuntarily and in violation of his right under F.R.Crim.P. 5(a) to be brought before a magistrate without unnecessary delay. After a suppression hearing the district court entered a memorandum opinion and order denying the motion based upon the court's finding that defendant had knowingly and voluntarily waived his *Miranda* rights. The district court, relying on *United States v. Barlow*, 693 F.2d 954,

958–59 (6th Cir.1982), *cert. denied*, 461 U.S. 945, 103 S.Ct. 2124, 77 L.Ed.2d 1304 (1983), held that defendant's waiver of *Miranda* rights also constituted a waiver of his right to a prompt arraignment.

On appeal defendant does not claim that his statements were not voluntary. He merely claims that the court's denial of his motion to suppress violated 18 U.S.C. § 3501(c) because the statements were obtained after a delay of more than 6 hours.[1] Defendant contends that *Barlow* does not apply because it did not involve a delay by federal authorities and did not discuss the impact of 18 U.S.C. § 3501(c).

■ The rule in this circuit and in most others is that unnecessary delay, standing alone, is not sufficient to justify the suppression of an otherwise voluntary confession under 18 U.S.C. § 3501, made during that period. *United States v. Mayes*, 552 F.2d 729, 734 (6th Cir.1977); *United States v. Beltran*, 761 F.2d 1, 8 (1st Cir.1985). Voluntariness, rather than delay is the key test for admissibility of a confession under 18 U.S.C. § 3501. *United States v. Van Lufkins*, 676 F.2d 1189, 1193 (8th Cir.1982); *United States v. Shoemaker*, 542 F.2d 561, 563 (10th Cir.), *cert. denied*, 429 U.S. 1004, 97 S.Ct. 537, 50 L.Ed.2d 616 (1976). Delay is only one of the relevant factors to be considered in determining the voluntariness of defendants' statements. *Mayes*, 552 F.2d at 734; *United States v. Bustamante–Saenz*, 894 F.2d 114, 120 (5th Cir. 1990).

We have previously advised that a district court should hear evidence concerning the cause of the delay and to weigh this element appropriately in deciding whether a statement should be suppressed. *Mayes*, 552 F.2d at 734. The court should "scrutinize for reasonableness delays in excess of

**1.** Section 3501(c) reads in part:

In any criminal prosecution by the United States ..., a confession made or given by a person who is a defendant therein, while such person was under arrest ..., shall not be inadmissible solely because of delay in bringing such person before a magistrate ... if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such

person within six hours immediately following his arrest or other detention: *Provided,* That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate or other officer.

6 hours which are not made necessary by transportation problems." *United States v. Wilson*, 838 F.2d 1081, 1085 n. 2 (9th Cir.1988). The court must be alert to the possibility that a delay was used for the purpose of conducting an improperly coercive interrogation. As noted by the First Circuit in *Beltran:*

> It is not the lapse of time, but the use of time, ... to employ the condemned psychologically coercive or third degree practices [of interrogators, which is proscribed].

761 F.2d at 8 (quoting *United States v. Marrero*, 450 F.2d 373, 376 (2nd Cir.1971).

Defendant requests the court to adopt the rule enunciated in *United States v. Perez*, 733 F.2d 1026, 1030 (2nd Cir.1984), that unreasonable delay alone is sufficient to support suppression under 18 U.S.C. § 3501(c).[2]

*Perez* stands alone in its disregard for the statute's focus on voluntariness and will not be applied by this court. Even in *Wilson*, also cited by defendant, although the Court found unreasonable delay, it did not suppress the confession until it made a further finding that the confession was not voluntarily given. 838 F.2d at 1085–87.

■ Because the district court's decision on whether or not to suppress a statement under 18 U.S.C. § 3501(c) requires an essentially factual determination on voluntariness, we review it for clear error. *United States v. Fouche*, 776 F.2d 1398, 1405 (9th Cir.1985).

■ In this case the record reflects that defendant had been drinking before his arrest and that it was the agents' standard policy to allow suspects 7 or 8 hours to sober up before they began questioning. Delays attributable to compliance with the local practice of permitting arrestees to become sober before questioning and arraignment are not unreasonable. *United States v. Bear Killer*, 534 F.2d 1253, 1257 (8th Cir.), *cert. denied*, 429 U.S. 846, 97 S.Ct. 129, 50 L.Ed.2d 118 (1976). In *United States v. Manuel*, 706 F.2d 908, 914 (9th Cir.1983), the Ninth Circuit held that an 18 hour delay due to defendant's intoxication did not violate F.R.Crim.P. 5(a)'s requirement of prompt arraignment. "Questioning him [while intoxicated] would have been much more likely to produce an unfair and involuntary confession than the procedure actually used." *Id.* at 914 (quoted with approval in *Kanekoa v. City and County of Honolulu*, 879 F.2d 607, 611 (9th Cir.1989)).

There is also evidence in the record that because the case involved a civilian on a military base, some of the pre-arraignment delay is attributable to the difficulty of determining which office, the Staff Judge Advocate's or the U.S. Attorney's, would prosecute the case.

■ The totality of the circumstances in this case support the district court's conclusion that the statements were voluntarily given. Defendant knew the nature of the offense of which he was suspected. He was advised that he was not required to make any statement and that any such statement could be used against him. He was advised of his right to the assistance of counsel. He was familiar with the criminal justice system. There is no evidence of intimidating police conduct and there is no indication that the interview was coercive, or that defendant was harassed or mistreated. The delay, due in large part to overnight lodging and routine processing was not unreasonable.

Finding no malevolent purpose behind the pre-arraignment delay and no lengthy, hostile or coercive interrogation that would have rendered the defendant's statements involuntary, we find no error in the admission of defendant's statements into evidence.

### III.

Defendant contends that the government's evidence to establish an essential element of Count 2, "serious bodily injury", was insufficient, and that the court accord-

---

2. Even the *Perez* court recognized that unreasonable delay, standing alone, does not *require* suppression. The court merely held that under 18 U.S.C. § 3501(c) the district court has *discretion* to exclude a confession based solely upon unreasonable delay. 733 F.2d at 1035.

**540**

ingly erred in denying his motion for acquittal on Count 2 and in instructing the jury on serious bodily injury.

In reviewing a denial of a motion to dismiss, the court must consider all the evidence and every reasonable inference which can be drawn from the evidence in a light most favorable to the government. *United States v. Christian*, 942 F.2d 363, 366 (6th Cir.1991).

 "Serious bodily injury" has not been defined by Congress. The district court instructed the jury as follows:

> You should use your common sense in deciding whether the injuries constitute serious bodily injury. Among the factors you may consider is whether the victim suffered extreme physical pain, protracted any obvious disfigurement, protracted loss of the power of a functional mental faculty, who contracted unconsciousness or significant internal damage.

This instruction is substantially the same as the instruction approved in *United States v. Johnson*, 637 F.2d 1224 (9th Cir. 1980), and adequately sets forth the common law meaning of the term "serious bodily injury".

 Defendant contends the evidence was insufficient to support an instruction on serious bodily injury because the doctor testified the gunshot wound was essentially non-threatening. An injury need not be life threatening or present a substantial risk of death to constitute "serious bodily injury". *Johnson*, 637 F.2d at 1246.

The record reveals that Taylor sustained a gunshot wound to the left temporal area which passed through her sinus and upper jaw and exited at the front lip. Bullet fragments later had to be surgically removed. Taylor also suffered a dislocated left thumb which had to be surgically repaired. These facts viewed in the light most favorable to the government, are sufficient to establish the element of "serious bodily injury".

### IV.

 Defendant's remaining allegation of error involves the court's failure to grant a two level reduction for acceptance of responsibility. The district court's determinations regarding whether a defendant has accepted responsibility are reviewed under the clearly erroneous standard. *United States v. Saenz*, 915 F.2d 1046, 1047 (6th Cir.1990).

 The Sentencing Guidelines provide for a two level reduction "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." U.S.S.G. § 3E1.1. Although defendant admitted shooting Taylor, he maintained that it was an accident. The district court's conclusion that defendant did not demonstrate an affirmative acceptance of responsibility for his criminal conduct is not clearly erroneous.

### Conclusion

Finding that defendants' assignments of error are without merit, we hereby affirm defendant's convictions.