UNITED STATES of America, Plaintiff,

v.

**John Paul WILBON, Defendant.**

**Criminal No. 94–211 MV.**

United States District Court,
D. New Mexico.

Jan. 4, 1995.

---

Tara C. Neda, Asst. U.S. Atty., Albuquerque, New Mexico, for plaintiff.

Albert B. Lassen, Teresa E. Storch, and Adam G. Kurtz, Albuquerque, New Mexico, for defendant.

## MEMORANDUM OPINION AND ORDER

VAZQUEZ, District Judge.

This matter is before the Court on Defendant John Paul Wilbon's Motion to Suppress Statement, filed May 9, 1994. A hearing was held on this matter September 1, 1994, and October 5, 1994, at which time Defendant Wilbon was represented by Ms. Teresa Storch and Plaintiff United States of America was represented by Ms. Tara Neda. The Court made factual findings and concluded that defendant's confession was made after six hours following his arrest but prior to arraignment[1] and that the delay between defendant's arrest and arraignment was unreasonable, thus triggering 18 U.S.C. § 3501(c). The Court held that pursuant to § 3501(a) and (b) defendant's statement was voluntary, but reserved ruling on the question of suppression pending the submission of supplemental briefs on the issue of whether § 3501(c) permits exclusion of a confession where it is made after six hours following arrest but prior to arraignment and where the delay between arrest and arraignment is unreasonable, even if the confession is voluntary. After careful consideration of the parties' briefs and the pertinent law, the Court holds that § 3501(c) permits exclusion of a confession under these circumstances and grants Defendant's Motion to Suppress Statement.

## FACTUAL SUMMARY

Mr. Wilbon was arrested on federal charges at approximately 7:00 p.m. on March 28, 1994, in Albuquerque, New Mexico. He was booked into the Bernalillo County Detention Center at 415 Roma, NW, in Albuquerque shortly after midnight, as a federal

---

**1.** The terms "arraignment" and "initial presentment" have been used interchangeably in this opinion. Although an arraignment and an initial presentment are distinct procedures, the term arraignment as used in this opinion means the initial presentment contemplated in F.R.Cr.P. 5(a).

**1422**

prisoner. Defendant was not taken out of custody from the Bernalillo County Detention Center until approximately 8:00 a.m. on the morning of March 30, 1994. At that time, agents from the Federal Bureau of Investigation took defendant and two co-defendants, Geneva Gallegos and Levone Maden, from the Bernalillo County Detention Center to the FBI offices at Silver and Fourth Street in downtown Albuquerque. The detention center, the federal courthouse at 500 Gold, SW, and the FBI office are all within a cluster of approximately a four- or five-square block area in downtown Albuquerque. While at the FBI office, Special Agent Kuntz took an incriminating statement from defendant at approximately 8:54 a.m., just 36 minutes before defendant was scheduled to appear in front of the United States Magistrate for an initial presentment at 9:30 a.m. Defendant's incriminating statement was made almost 38 hours after his arrest.

Although defendant was arrested at approximately 7:00 p.m., March 28, 1994, Special Agent Kuntz did not contact the U.S. Magistrate Court to schedule an initial appearance for defendant until either the late morning or early afternoon of March 29, 1994. At that time, Judge Svet's courtroom deputy, Ruth Willett, did not schedule defendant for an initial appearance until 9:30 a.m. the following morning, because Magistrate Svet was scheduled for three settlement conferences in the afternoon of March 29, 1994. However, Ms. Willett testified that had she been informed that defendant was arrested at 7:00 p.m. on March 28, 1994, she would have scheduled defendant's initial appearance for the afternoon of March 29, 1994, because pressing criminal matters take precedence over civil matters. Initial appearances were routinely scheduled at 9:30 every morning during Magistrate Svet's criminal rotation. Thus, had Special Agent Kuntz called early Tuesday morning on March 29, 1994, Defendant could have been arraigned at 9:30 that morning. Alternatively, had he informed Ms. Willett that defendant had been arrested since approximately 7:00 p.m. on March 28,

1994, defendant could have been arraigned on the afternoon of March 29, 1994.

■ The delay between defendant's arrest and initial appearance of approximately 38½ hours was unreasonable. There was no intervening weekend between defendant's arrest and initial appearance, and there was no excuse for the delay based on the "distance traveled," 18 U.S.C. § 3501(c), between place of arrest, place of incarceration, and place of initial appearance. *Cf. United States v. McCormick*, 468 F.2d 68 (10th Cir.1972) (prearraignment delay was reasonable, in part, because the FBI Agent had to travel some 150 miles from Albuquerque to Truth or Consequences where defendant was arrested, and from Truth or Consequences had to travel 1½ hours by car to Las Cruces, where the FBI Agent attempted to present defendant before a federal magistrate for arraignment); *United States v. Shoemaker*, 542 F.2d 561 (10th Cir.1976) (prearraignment delay was reasonable, in part, because of the weekend day involved—defendant was arrested at around midnight on a Friday night and confessed early Saturday afternoon—and because of the distance traveled between place of arrest, incarceration, and arraignment). Defendant was arrested in Albuquerque, incarcerated in Albuquerque, and arraigned in Albuquerque. A magistrate was available to arraign defendant on the morning of March 29, 1994, but due to the FBI Agent's lack of diligence in scheduling defendant's initial appearance, defendant was not arraigned until March 30, 1994. The delay between arrest and arraignment was entirely attributable to the lack of diligence on the part of the FBI Agent and was unreasonable. Furthermore, the FBI Agent intentionally exploited the delay in presenting defendant before a neutral magistrate by attempting to extract a "last minute" confession from him with full knowledge that defendant had been arrested for approximately 38 hours and with full knowledge that the evidence linking defendant to the crime with which he was charged was weak.[2]

---

**2.** It is particularly noteworthy that Defendant Wilbon was a mere houseguest visiting Co-defendants Maden and Gallegos at the time law enforcement officers forcibly entered the apartment

without knocking and announcing their presence. Shortly after the entry, officers observed cocaine on the top of a hutch in the dining room area of the apartment. However, at the time of

## ANALYSIS

### I. Tenth Circuit Case Law

The Tenth Circuit has not addressed whether 18 U.S.C. § 3501(c) permits exclusion of a confession where the confession is made after six hours following arrest but prior to arraignment and where the delay between arrest and arraignment is unreasonable, even if the confession is voluntary. Although the Government has argued that it is well established in the Tenth Circuit that voluntariness is the sole test for the admissibility of confessions in criminal trials, this Court does not agree. The issue before the Court is one of first impression.[3]

18 U.S.C. § 3501(c) provides as follows: In any criminal prosecution by the United States ... a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law enforcement agency shall not be inadmissible solely because of delay in bringing such person before a magistrate ... *if* such confession is found by the trial judge to have been made voluntarily *and if* the weight to be given the confession is left to the jury *and if* such confession was made or given by such person within six hours immediately following arrest or other detention: Provided, that the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate ... beyond such six-hour period is found by the trial judge to be *reasonable* considering the means of transportation and the distance to be traveled to the nearest available magistrate ... (emphasis added).

On its face, § 3501(c) by negative implication appears to permit the exclusion of any confession which is made after six hours following arrest but prior to arraignment and where the delay between arrest and arraignment is unreasonable, even if the confession is voluntary. The mere fact that the delay between arrest and arraignment exceeds six hours does not necessarily render the delay unreasonable. A court must determine the reasonableness of the delay by "considering the means of transportation and the distance to be traveled to the nearest available magistrate." If a court determines that the delay is reasonable, such delay cannot constitute the sole basis for the exclusion of a confession and the length of delay is merely a factor to consider in determining voluntariness pursuant to § 3501(a) and (b). However, if a court determines that the delay was unreasonable and that the confession was made after six hours following arrest, such factors may constitute the sole basis for the exclusion of the confession.

The Tenth Circuit has never directly addressed the precise scope of § 3501(c) be-

---

the entry, defendant was sitting in the living room area of the apartment, rather than the dining room area. Nothing connecting defendant with the cocaine was discovered on his person. Thus, the evidence linking defendant to the instant charge of possession with intent to distribute more than 50 grams of cocaine was tenuous at best. In light of these facts, the FBI Agent's attempt to extract a prearraignment confession appears to have been a last ditch effort to muster up sufficient evidence to support a determination of probable cause by a neutral magistrate. *See Mallory v. United States,* 354 U.S. 449, 454, 77 S.Ct. 1356, 1359, 1 L.Ed.2d 1479 (1957). In *Mallory,* the Court explained the proper procedures to be followed in initiating a federal prosecution as follows: The police may not arrest upon mere suspicion but only on "probable cause." The next step in the proceeding is to arraign the arrested person before a judicial officer as quickly as possible so that he may be advised of his rights and so that the issue of probable cause may be promptly determined.

The arrested person may, of course, be "booked" by the police. But he is not to be taken to police headquarters in order to carry out a process of inquiry that lends itself, even if not so designed, to eliciting damaging statements to support the arrest and ultimately his guilt. *Id.* It is not the function of the police to arrest, as it were, at large and to use an interrogating process at police headquarters in order to determine whom they should charge before a committing magistrate on "probable cause." *Id.* at 456, 77 S.Ct. at 1360. This is precisely the kind of prohibited conduct in which the FBI Agent engaged here.

3. This issue was directly presented to the United States Supreme Court in *United States v. Alvarez–Sanchez,* —— U.S. ——, 114 S.Ct. 1599, 128 L.Ed.2d 319 (1994). The Supreme Court did not reach this issue. The Court determined that § 3501(c) was inapplicable because at the time of defendant's confession to federal agents, defendant was in state custody on state charges and had not been charged with any federal offense.

cause in each case before it the facts were such that the delay between arrest and initial presentment, although exceeding six hours was considered reasonable under the circumstances or the confession was made within six hours of the arrest. Thus, the two factors necessary to trigger the exclusionary provision of § 3501(c) were not present.

In *United States v. McCormick,* 468 F.2d 68 (10th Cir.1972) the Tenth Circuit held that the lower court did not err in admitting into evidence statements made by a defendant five hours after arrest but before his initial appearance. After determining that the delay between defendant's arrest and initial presentment which exceeded six hours was not unreasonable,[4] the court held that *"under these circumstances* voluntariness is the sole constitutional requisite governing the admission of a confession in evidence" (emphasis added). *Id.* at 75. In light of the specific language "under these circumstances," the holding in *McCormick* is qualified to the extent that **where the delay between arrest and arraignment is reasonable,** the sole test for the admissibility of evidence is voluntariness. Such a holding does not preclude a determination that pursuant to § 3501(c) a confession may be excluded where it was made after six hours following arrest **and** where the delay between arrest and arraignment was **unreasonable,** even if the confession was voluntary.

Furthermore, it should be noted that in *McCormick,* the court described voluntariness as the sole "constitutional" requisite governing the admissibility of evidence at a criminal trial. In this respect, though it is true that voluntariness is the sole "constitutional" requisite governing the admissibility of evidence at a criminal trial, such a proposition does not preclude this Court from determining that another statutory or judicially created basis for the exclusion of confessions may exist. *See McNabb v. United States,* 318 U.S. 332, 341, 63 S.Ct. 608, 613, 87 L.Ed. 819 (1943) (declining to address the constitu-

tional issue before the Court, the Court invoked its supervisory powers to create an exclusionary remedy for a violation of the right to a speedy arraignment; in so declining, the Court reasoned that "the principles governing the admissibility of evidence in federal criminal trials have not been restricted to those derived solely from the Constitution.").

In *United States v. Shoemaker,* 542 F.2d 561 (10th Cir.1976), the Tenth Circuit held that the trial court did not err in admitting a written confession which was given approximately thirteen hours after arrest. The court noted that "given the additional circumstances, including the weekend day involved, the time of day of the arrest, the distance traveled and the numerous occasions upon which appellant was advised of his rights, we perceive no error in the finding of the trial judge that the thirteen hours delay in presentment did not vitiate the voluntariness, and hence the admissibility, of the confession here considered." *Id.* at 563. Although *Shoemaker* appears to hold that voluntariness is the sole test for admissibility, its holding is qualified to the extent that it is premised on an implicit determination that the delay was reasonable pursuant to § 3501(c). Therefore, the exclusionary provision of § 3501(c) was not triggered, but rather the confession fell directly within the proviso of § 3501(c). Under these circumstances, the sole test for the admissibility of the evidence was voluntariness. This Court does not interpret *Shoemaker* as precluding a finding that a confession may be excluded pursuant to § 3501(c) where the confession is made after six hours following arrest **and** where the delay between arrest and arraignment is unreasonable.

In *United States v. Short,* 947 F.2d 1445 (10th Cir.1991), the Tenth Circuit held that a confession made within six hours immediately following arrest was voluntary. The court noted that "the federal statute governing admissibility of confessions provides that a con-

---

**4.** It should be noted that the court implicitly appears to have misread the time frame set by the third condition of § 3501(c). In *McCormick,* the statement was made five hours after the defendant's arrest, therefore, the third condition of § 3501(c) that the statement be made "within

six hours following arrest" was met. Thus, based on this fact alone, pursuant to the plain language of the statute, the defendant's statement was not ipso facto inadmissible because of the delay between arrest and arraignment.

fession is not generally inadmissible solely because of delay in bringing a person before a magistrate if the confession was voluntarily made within six hours immediately following arrest or detention." *Id.* at 1450. The court reasoned that since the defendant did not contend that he confessed more than six hours after his arrest, the confession fell within the time frame set by law. *Id.* at 1451. Thus, the exclusionary provision of § 3501(c) was not triggered and the sole test for the admissibility of the statement was voluntariness pursuant to § 3501(a) and (b).

■ Although statements in the Tenth Circuit decisions discussed above, taken in isolation, can reasonably lead to the conclusion that voluntariness is the sole test for the admissibility of evidence in criminal trials, this Court after scrutinizing the facts in those cases, after carefully reviewing the plain meaning of § 3501(c) and its legislative history, and after reviewing decisions on point in other circuits, concludes that where a confession is made after six hours following arrest but prior to arraignment **and** where the delay between arrest and arraignment is unreasonable, such delay permits exclusion of a confession, regardless of voluntariness.[5] If the Court were to construe § 3501(c) as requiring that courts merely consider delay, whether reasonable or unreasonable, as a factor in determining voluntariness, subsection (c) would be rendered utterly meaningless. The Court cannot construe the Tenth Circuit case law so as to render meaningless a federal statute. Furthermore, a violation

of Rule 5(a) which provides that federal law enforcement officers bring a defendant promptly before a judicial officer for an initial appearance "without unnecessary delay" would be remediless and law enforcement officers would have no incentive to comport with this important rule of criminal procedure which embodies principles fundamental to a democratic society. *See McNabb*, 318 U.S. at 343–44, 63 S.Ct. at 614–15.[6]

## II. Statutory Construction

### (a) Plain Meaning of § 3501

■ The Supreme Court has repeatedly stressed that the clear words of a statute govern its interpretation. *Lewis v. United States*, 445 U.S. 55, 60, 100 S.Ct. 915, 918, 63 L.Ed.2d 198 (1980); *Southeastern Community College v. Davis*, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979). 18 U.S.C. § 3501 provides:

(a) in any criminal prosecution brought by the United States or by the District of Columbia, a confession, as defined in subsection (e) hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such

5. No Tenth Circuit decision addressing the scope of § 3501 has held that **unreasonable** or **unnecessary** delay is merely a factor to be considered in determining the voluntariness of a confession. Rather the Tenth Circuit has held that delay, in and of itself, is merely a factor to be considered in determining voluntariness. *See Shoemaker.* This holding is unquestionably correct pursuant to § 3501(b), but it does not address whether **unreasonable** or **unnecessary** delay **may** constitute the sole basis for the exclusion of a confession. This Court has found cases in only two circuits, which have explicitly held that **unnecessary** delay is merely a factor to be considered in determining voluntariness. *See e.g., United States v. Christopher*, 956 F.2d 536 (6th Cir. 1991); *United States v. Keeble*, 459 F.2d 757, 762 (8th Cir.1972) (supplemental opinion).

6. In *McNabb*, the Court noted:

The purpose of [the right to speedy arraignment] is plain. A democratic society, in which respect for the dignity of all men is central, naturally guards against the misuse of the law enforcement process. Zeal in tracking down crime is not itself an assurance of soberness of judgment ... Experience has therefore counseled that safeguards must be provided against the dangers of the overzealous as well as the despotic ... Legislation such as this, requiring that the police must with reasonable promptness show legal cause for detaining arrested persons, constitutes an important safeguard—not only in assuring protection of the innocent but also in securing conviction of the guilty by methods that commend themselves to a progressive and self-confident society. *Id.* at 343–344, 63 S.Ct. at 614.

weight to the confession as the jury feels it deserves under all the circumstances.

(b) The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him; (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel, (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession. The presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession.

(c) In any criminal prosecution by the United States or by the District of Columbia, a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, *shall not be inadmissible solely because of delay* in bringing such person before a magistrate or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia *if* such confession is found by the trial judge to have been made voluntarily *and if* the weight to be given the confession is left to the jury *and if* such confession was made or given by such person within six hours immediately following his arrest or other detention: *Provided,*

That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate or other officer beyond such six-hour period is found by the trial judge to be *reasonable* considering the means of transportation and the distance to be traveled to the nearest available such magistrate or other officer (emphasis added).

█ Subsection (c) provides that confessions are not ipso facto inadmissible solely because of delay in bringing a defendant before a judicial officer if three conditions are met. First, a trial judge must determine that the confession is voluntary. Second, the weight to be given the confession must be left to the jury. Third, the confession must be made within six hours of arrest. The proviso provides that even if made after six hours following arrest, the confession is not rendered ipso facto inadmissible if the delay between arrest and arraignment is reasonable. The trial judge determines the reasonableness of the delay by considering the means of transportation and the distance to be traveled to the nearest available judicial officer. By negative implication, it is apparent that a confession made after six hours following arrest during a prearraignment delay where the delay is also determined to be unreasonable may be excluded regardless of the voluntariness of the confession.[7] It is completely illogical to interpret subsection (c) as providing that voluntariness is the sole test for the admissibility of evidence. If the subsection had been intended to provide that voluntariness alone, under all circumstances, is the sole test for admissibility of confessions, the third condition setting a time limitation and the accompanying proviso would be totally superfluous. Congress would simply have omitted that condition and stated instead something to the effect that delay in arraigning a defendant will not render a confession inadmissible if the confession is voluntary. The third condition coupled with the

7. Wigmore espouses a similar interpretation of § 3501(c). Wigmore asks:

> What ... is the status of confessions obtained without arraignment after a six-hour delay, not within the proviso? Is it the intent of Congress that as to these the McNabb–Mallory "delay per se invalidates" approach still exists? Probably so, because if the intent were otherwise no time limits at all would have been included in the enactment. 3 Wigmore, *Evidence* § 862(a) at 623 (Chadbourn rev.1970).

proviso clearly establish that the confession is not inadmissible **if** it is voluntary and a jury can assess the weight to be given the confession **and if** it was made within six hours following arrest or if the prearraignment delay exceeds six hours but is **reasonable**. But, by negative implication, if the third condition is not met and if the delay exceeding six hours is not reasonable, the confession may be excluded, regardless of voluntariness.[8]

The problem which has created a split of opinions amongst the circuits is the language of subsection (a). The plain language of subsection (a) provides that in any criminal prosecution a confession is admissible if it is voluntarily given and if the jury is permitted to give such weight to the confession as it deems appropriate. Some courts in construing Section 3501 have determined that section (a) controls the entire statute including subsection (c) and have held that unnecessary delay is merely a factor to consider in determining the voluntariness of the confession. *See United States v. Mayes*, 552 F.2d 729 (6th Cir.1977). Such a construction is problematic for three reasons. First, by attempting to harmonize the subsections, the concept of "voluntariness" is completely distorted. *See United States v. Alvarez–Sanchez*, 975 F.2d 1396, 1401 (9th Cir.1992) *(rev'd, —— U.S. ——, 114 S.Ct. 1599, 128 L.Ed.2d 319 (1994)* on the grounds that § 3501 was not triggered because at the time of the confession defendant was in state custody on state charges and no federal charges were currently pending). According to this interpretation, once the Judge determines that the delay is unreasonable, she must then weigh this factor into her determination of "voluntariness." Although the **length** of delay is clearly related to the voluntariness of a confession—the longer one remains incarcerated, the more likely it is that one's will may be overborne—the reasonableness of the delay based on the "means of transportation and the distance to be traveled to the nearest available magistrate" is entirely unrelated to the free will of the defendant. As the court

in *United States v. Perez*, 733 F.2d 1026 (2d Cir.1984), noted "the proviso in section 3501(c) is clearly aimed at permitting an evaluation of the government's reasons for the delay; yet to what end if the ultimate determination is the delay's effect on the defendant." *Id.* at 1031. To follow the *Mayes* interpretation of § 3501(c) by weighing the reasonableness of the delay into the voluntariness calculus would require this Court to perform an empty ritual.

Second, the *Mayes* construction is problematic because it reads the plain meaning of section (c) right out of the statute, and renders it entirely meaningless. *See Alvarez–Sanchez; Perez*, 733 F.2d at 1031 (any reading of section 3501 that disputes unreasonable delay as an additional independent basis for suppression reads subsection (c) out of the statute); 3 J. Wigmore, *Evidence* § 862(a) at 623 (Chadbourn rev. 1970). The Supreme Court has held that a court should reject the literal interpretation of a section of an enactment when that interpretation would render a different section meaningless. *See Mountain States Telephone and Telegraph Company v. Pueblo of Santa Ana*, 472 U.S. 237, 105 S.Ct. 2587, 86 L.Ed.2d 168 (1985). Because the literal interpretation of subsection (a) nullifies or renders meaningless subsection (c), this Court rejects it. In light of the three separate conditions specified in Section 3501(c) there must be circumstances in which delay in arraignment will permit suppression of a confession regardless of the voluntariness of the confession.

Third, the *Mayes* construction renders violations of Rule 5(a) without a remedy and, therefore, encourages law enforcement officers to delay bringing a defendant for initial presentment and to attempt to extract a post-six hour confession before the defendant is advised of his rights by a neutral magistrate. This is particularly so in cases such as this where the evidence against a defendant is weak and a confession is essential to muster sufficient evidence to support a judicial determination of probable cause. As will be

---

8. Even Professor Wright who generally appears to espouse the view that voluntariness is under all circumstances the sole test for the admissibility of confessions at criminal trials, concedes that

"as a matter of statutory construction there is a good deal to be said for this" [approach]. 1 C. Wright, *Federal Practice & Procedure, Criminal 2d.* § 74 at 115 n. 42 (1982).

discussed below, the legislative history indicates that Congress did not intend to render Rule 5(a) violations remediless. This intent was manifested by the Senate's rejection of an initial proposal which sought to abolish the exclusionary rule in its entirety for rule 5(a) violations.

By contrast to the strained construction which attempts to harmonize subsections (a) and (c) by making unreasonable delay merely a factor to consider in determining voluntariness, an independent, separate reading of subsection (c) renders the entire statute meaningful and coherent. *See Alvarez–Sanchez; Perez.* Pursuant to this construction § 3501 provides two independent bases for excluding confessions at trial: (i) voluntariness; and (ii) unreasonable delay as carefully delineated in subsection (c).

**(b) Legislative History**

■ Absent clear evidence of contrary legislative intention, a statute should be interpreted according to its plain language. *United States v. Apfelbaum,* 445 U.S. 115, 121, 100 S.Ct. 948, 952, 63 L.Ed.2d 250 (1980). A review of the legislative history of subsection (c) does not indicate a contrary legislative intent and is, in fact, supportive of a statutory construction based on the plain meaning of section 3501(c).

Subsection (c) **as originally** proposed provided as follows:

> In any criminal prosecution by the United States or by the District of Columbia, a confession made or given by a person who is a defendant therein while such person was under arrest or other detention in the custody of any law enforcement officer or law enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a commissioner or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury. S. 917, 90th Cong.2d Sess. (April 29, 1968).

Had subsection (c) been enacted as above, voluntariness clearly would have been the sole requisite for the admissibility of every prearraignment confession. As described in the Senate Report, subsection (c) as originally proposed "assure[d] that confessions made while the suspect [was] under arrest [would] not be inadmissible solely because of delay in bringing the defendant before a magistrate or commissioner, and provid[ed] that nothing therein [would] bar from evidence a voluntary, spontaneous, and unsolicited confession." S.Rep. No. 1097, 90th Cong., 2d Sess. 1968, *reprinted in* 1968 U.S.C.C.A.N. 2112. The intention of subsection (c) as originally proposed was clearly to overrule in its entirety the decision of *Mallory v. United States,* 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957) in which the U.S. Supreme Court declared inadmissible voluntary confessions made during a period of unnecessary delay between the time of arrest and the time the suspect was taken before a committing magistrate.

In *Mallory,* the defendant who was suspected of rape, was arrested in the early afternoon and detained at police headquarters within the vicinity of numerous committing magistrates. Though the police had ample evidence from other sources for regarding Mallory as the chief suspect, they did not take him before a commissioner, but first questioned him for approximately a half hour. They then asked him to submit to a lie detector test. He was not told of his rights to counsel or to a preliminary examination before a magistrate, nor was he warned that he might keep silent or that any statements might be used against him. After four hours of further detention at headquarters, during which examination by a commissioner could easily have been made in the same building, Mallory was questioned for another hour and a half by the lie detector operator. His story began to waver, but not until ten p.m. after he had confessed to other officers, did the police attempt to reach a United States commissioner at which time a commissioner could not be reached. The police questioned Mallory further that night, and had him dictate his confession to a typist. The next morning he was brought before a commissioner. Mallory's confession was admitted into evidence and he was convicted and sentenced to death. A unanimous Supreme

Court, reversed the conviction and found that the prearraignment delay violated the right to prompt arraignment pursuant to Rule 5(a). In so excluding the confession, the Court applied the judicially created exclusionary rule for violations of the right to speedy arraignment as enunciated in *McNabb v. United States,* 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943).

*Mallory* left the lower courts with limited guidance to determine under what circumstances "unreasonable delay" existed and, as a result, a wide disparity in the application of the *Mallory* rule ensued. This was because of the somewhat contradictory and amorphous language used in the opinion; although at one point the Court declared that a defendant must be brought before a neutral magistrate "as quickly as possible," at another point, the Court explained that Rule 5(a) did not call for a "mechanical or automatic obedience" and that "circumstances may justify a brief delay."

The Senate Report noted specifically that the case of *Alston v. United States,* 348 F.2d 72 (D.C.Cir.1965), was indicative of some of the illogical and unrealistic court decisions resulting from the application of the *Mallory* rule. S.Rep. No. 1097. In *Alston* the conviction of a self-confessed murderer whose guilt was not in dispute was reversed because the court found unnecessary delay in bringing the defendant before a judicial officer. The defendant was arrested at 5:15 a.m. and brought to police headquarters at 5:30 a.m. He was questioned by the police for about five minutes and then immediately confessed on the advice of his wife who had accompanied him with the police. The Court of Appeals held that the arresting officers should have taken the defendant before a committing magistrate "as quickly as possible," *Mallory,* 354 U.S. at 454, 77 S.Ct. at 1359, and that the questioning, even for five minutes, was not permissible. *See Alston,* 348 F.2d at 72.

Thus, subsection (c) as originally proposed was intended to "offset the harmful effects of the *Mallory* case," S.Rep. No. 1097, and eliminate in its entirety the *Mallory/McNabb* exclusionary rule. As explained in the Senate Report, subsection 3501(c) would estab-lish that "delay in bringing a suspect before a committing magistrate would be a factor to consider in determining the issue of voluntariness, but it would not be the sole criterion to be considered operating to automatically exclude an otherwise competent confession." *Id.*

However, as is clear from the current text of 3501(c), this subsection as originally proposed was never adopted. The original proposal was highly criticized in the "Detailed Analysis" portion of the Senate Report and by individual senators. It was feared that the proposal would "inevitably encourage prolonged and indefinite incarceration and interrogation of suspects, without opportunity to consult with friends, family, or counsel." S.Rep. No. 1097. As noted in the Report" unlike the recently enacted District of Columbia Crime Act, section 3501(c) fail[ed] to provide any time limit whatsoever on the period during which interrogation [might] take place ... The District of Columbia Crime Act provide[d] a maximum three hour period for interrogation after which a person could be released without charge and without an arrest record. *Id.* The Report emphasized that "rules prohibiting unnecessary delay between arrest and arraignment were based on sound law enforcement policy and that prompt arraignment of arrested persons was necessary in a free society which values the fair administration of criminal justice. Prolonged incarceration and interrogation of suspects, without giving them the opportunity to consult with friends, family, or counsel, [was to] be condemned. Yet it [was] precisely such incarceration and interrogation that [were] countenanced by the committee print." *Id.* The Report concluded that, in effect, section 3501(c) would leave the "without unnecessary delay" provision of rule 5(a) of the Federal Rules of Criminal Procedure as a rule without a remedy. *Id.*

Senator Fong echoed the concerns expressed in the "Detailed Analysis" portion of the Senate Report. He noted that the repeal of *Mallory v. United States* would "permit Federal criminal suspects to be questioned indefinitely before they were presented to a committing magistrate" and that "[u]nlike the District of Columbia Crime Act, enacted

in the first session of [that] Congress, no time limit or other safeguards on interrogations [were] provided." *Id.*

The language concerning the six hour limit contained in the current version of subsection (c) was sponsored by Senator Scott. *See* 114 Cong.Rec. 14184–86 (1968). Like many of his colleagues, Senator Scott was concerned that subsection (c) was open-ended, and might be viewed as permitting police interrogations of unlimited duration. As originally proposed by Senator Scott, subsection (c) would have placed an absolute six hour limitation on delays in arraignment. The six-hour limit was the result of a compromise between those who preferred a three-hour limit (modeled after the above-mentioned D.C. statute) and those who preferred no limit at all. According to Senator Scott its purpose was to limit "the period during which confessions [could] be received." *Id.* This amendment was approved, but two days later the proviso of § 3501(c) that lifted the time limit in cases of "reasonable delay" was added. 114 Cong.Rec. 14,787 (1968). With or without the proviso, the admissibility of confessions was understood to be governed by more than the issue of voluntariness. Matthew Frank, Note, *18 U.S.C. § 3501 and the Admissibility of Confessions Obtained During Unnecessary Prearraignment Delay,* 84 Michigan Law Review 1731, 1742, n. 54 (1986). When the Senate approved HR5037 (the House version of the bill) by an overwhelming majority on May 24, 1968, the bill contained the present text of § 3501(c). *See* HR5037 (May 24, 1968). The bill then proceeded to the House, which approved it on June 6, 1968, without resorting to a Conference Committee.

Thus, although the original proposal of subsection 3501(c) eliminated in its entirety the *Mallory/McNabb* exclusionary rule and established voluntariness as the sole test for the admissibility of confessions, the current version of subsection 3501(c) merely limits the scope of the *Mallory/McNabb* exclusionary rule to the extent that: (i) it created a safe harbor period of six hours within which time the delay can never constitute the sole basis for exclusion but will be merely a factor in determining voluntariness; and (ii) it pro-

vided that confessions made after six hours following arrest would not be ipso facto inadmissible if the delay was reasonable in light of the distance traveled and the availability of the nearest magistrate. If the delay was determined to be reasonable, the delay would constitute merely one factor in determining voluntariness. The revisions to the original bill reflect the concern that without some kind of limitation, suspects would be indefinitely interrogated prior to the initial presentment and that Rule 5(a) violations would be without a remedy. At the same time, the revisions alleviated many of the concerns that prompted the original bill, such as the "illogical and unrealistic" application of the *Mallory–McNabb* rule as evidenced in the *Alston* case.

Thus, the legislative history indicates that a court must read subsection (c) independently of subsections (a) and (b). To read the voluntariness provision of subsection (a) as controlling the entire statute would be completely at odds with congressional intent. Rejection of the Senate's original proposal of subsection (c) clearly indicates that the legislature did not intend to eliminate the *Mallory/McNabb* exclusionary rule in its entirety and that Congress contemplated that under certain limited circumstances a confession may be excluded regardless of voluntariness. *See Moore,* 5.02[2] (section 3501 does not nullify the McNabb–Mallory rule that a confession made during a period of unnecessary delay in arraigning a defendant is inadmissible, but rather restricts its application of confessions obtained after a six hour delay found to be unreasonable). Had the Senate intended to abolish the *Mallory–McNabb* exclusionary rule in its entirety it would have left subsection (c), as originally proposed, intact.

### III. Case Law in Other Circuits

The Court has carefully reviewed the case law in other Circuits interpreting § 3501(c) and has found only two circuits which have explicitly held that **unnecessary** delay is merely a factor to consider in determining the voluntariness of a confession. *See e.g., United States v. Mayes,* 552 F.2d 729 (6th Cir.1977); *United States v. Keeble,* 459 F.2d 757 (8th Cir.1972). In *Mayes,* the Sixth Cir-

cuit held that although unnecessary delay in bringing a defendant before a federal magistrate is not sufficient to justify suppression of an otherwise voluntary confession, it is one of five relevant factors which the trial judge must consider in determining voluntariness. *Id.* at 734. The court's decision is completely devoid of any analysis of the plain meaning of § 3501 and any examination of the legislative history. Ironically, the seminal case which has been interpreted by subsequent courts as holding that § 3501 requires that voluntariness be the sole test, under all circumstances, for the admissibility of confessions at trial, relied on the legislative history of subsection 3501(c) **as originally proposed.** *See United States v. Halbert,* 436 F.2d 1226 (9th Cir.1970) (interpreted in *Alvarez–Sanchez*—a subsequent Ninth Circuit case—as holding that § 3501(c) does not require that *all* confessions falling outside the safe harbor [six-hour] period should be suppressed, and thus, not reaching the issue of whether § 3501(c) permits exclusion of confessions made after six hours of arrest during a period of *unreasonable* prearraignment delay.

As discussed above, one of the problems with the *Mayes* construction is that it reads subsection (c) right out of the statute, and renders it meaningless. In so doing, this interpretation disregards the elementary canon of construction that a statute should be interpreted so as not to render one part inoperative. *Mountain States Telephone and Telegraph Company,* 472 U.S. at 249, 105 S.Ct. at 2594 *citing Colautti v. Franklin,* 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979). Additionally, it ignores the legislative history which clearly indicates that Congress did not intend to eliminate the *Mallory/McNabb* exclusionary rule, but rather intended to merely restrict it to certain Rule 5(a) violations.

Other Circuits, such as the Tenth Circuit have not specifically addressed whether **unnecessary** delay, as opposed to mere delay, is sufficient, in and of itself, to render a confession inadmissible. *See, e.g., United States v. Bustamante–Saenz,* 894 F.2d 114 (5th Cir. 1990). In *Bustamante–Saenz,* the Fifth Circuit held that delay is simply one factor which must be considered along with other factors in determining voluntariness. In that case, the government proffered an explanation for the delay based on the fact that no magistrate was available in the town where the defendants were arrested and the nearest magistrate was in Pecos, approximately 140 miles away. *Id.* at 120. Thus, since the Court implicitly found that the delay was reasonable, it did not need to address whether **unnecessary** delay, as opposed to mere length of delay was sufficient, in and of itself, to render a confession inadmissible.

Some Circuits, have intimated that although unnecessary delay may be sufficient in and of itself to render a confession inadmissible, a court has discretion and may, under certain circumstances, admit a confession even where the confession was made during a period of "unnecessary" prearraignment delay. The First Circuit in *United States v. Beltran,* 761 F.2d 1 (1st Cir.1985) held that although the twenty-four hour delay, during which time defendants were processed, was unreasonable, the court concluded that "given the facts of the case, it did not automatically follow that the failure to suppress the statements constitute[d] **reversible error**" (emphasis added). *Id.* at 8. Part of the basis of the court's holding rested on the fact that during the interim periods between the necessary processing and delay in awaiting a court interpreter, the various law enforcement agencies did not use that time for proscribed purposes envisioned by the Supreme Court when it created the exclusionary remedy for a violation of the defendant's right to a speedy arraignment. *Id.* In addition, the court found that there was no purposeful postponement of the arraignment and no lengthy, hostile or coercive interrogation that prejudiced the defendants. *Id.* Thus, *Beltran* appears to permit the exclusion of statements made during unnecessary delay, regardless of voluntariness, but does not **require** such exclusion. Unlike, the Sixth and Eighth Circuits, nothing in the First Circuit's opinion in *Beltran* suggests that voluntariness is, under all circumstances, the sole test for admissibility of confessions in evidence pursuant to § 3501 or that *unreasonable* delay is merely a factor to be considered in determining voluntariness. *See also United States v. Gaines,* 555 F.2d 618, 623–624 (7th

Cir.1977) (trial judge has discretion to exclude statements made during period of unreasonable delay, regardless of voluntariness; in exercising discretion, the trial judge should consider "a congeries of factors, including such elements as the deterrent purpose of the exclusionary rule, the importance of judicial integrity, and the likelihood that admission of the evidence would encourage violations of the Fourth Amendment.").

The Circuits which have held that unnecessary delay may be sufficient in and of itself to render a confession inadmissible have read subsection (c) independently of subsections (a) and (b). They have reached this conclusion after an extensive examination of the legislative history of § 3501, and after an intellectually honest evaluation of alternative interpretations. Those courts have reasoned that only through an independent reading of the subsections can a court give meaning to all three subsections, and thus give effect to the legislative intent. *See, e.g., Alvarez–Sanchez; United States v. Robinson*, 439 F.2d 553 (D.C.Cir.1970); *United States v. Perez*, 733 F.2d 1026 (2d Cir.1984); *United States v. Erving*, 388 F.Supp. 1011 (W.D.Wis.1975). This Court finds the reasoning in these cases to be compelling and has incorporated much of it in its analysis above.

## CONCLUSION

■ In light of the relevant case law and the plain language and legislative history of 18 U.S.C. § 3501, this Court holds that § 3501(c) permits exclusion of a confession, regardless of voluntariness, where the confession is made after six hours following arrest but prior to arraignment and where the delay between arrest and arraignment is unreasonable in light of the means of transportation and the distance traveled to the nearest available magistrate.

■ In this case, the confession was made approximately 38 hours after arrest and the delay between arrest and arraignment was unreasonable—there was simply no legitimate excuse for the delay based on the means of transportation or the distance traveled to the nearest available magistrate. Suppression is appropriate considering that the delay was entirely attributable to the lack of diligence on the part of Special Agent Kuntz, and that the Agent intentionally exploited the delay in order to extract a confession from the defendant, within an hour before defendant was due to be arraigned by a magistrate. The FBI Agent caused the delay and then deliberately exploited the delay for the purpose of mustering up sufficient evidence against defendant to withstand scrutiny by a neutral magistrate.[9] His conduct shows an utter disregard of the Rule 5(a) mandate that a defendant "shall be brought before a [judicial officer] without unnecessary delay." Such a rule is not designed to hamper effective law enforcement but rather to set procedures deemed fundamental to a civilized, democratic society which recognizes the dignity of every human being. As Justice Frankfurter proclaimed, the history of liberty has largely been the history of observance of procedural safeguards. *McNabb*, 318 U.S. at 347, 63 S.Ct. at 616 (1943). Courts must remain vigilant to the blatant disregard of important procedural safeguards, lest such disregard eviscerate the cherished freedoms upon which our society was founded. Suppression of the statement, under the circumstances of this case, is an appropriate means to deter similar misconduct in the future.

**WHEREFORE, IT IS ORDERED** that Defendant's Motion to Suppress Statement be **GRANTED.**

---

9. The Court takes judicial notice of the fact that the only articulated basis upon which defendant was bound over to the grand jury was "Mr. Wilbon's statement that the source of his crack cocaine was Ms. Gallegos and his further revelation to agents of the FBI that her source was Mr. Maden." Trans. of Preliminary and Detention Hearing. P. 32, lines 19–21.